JAMES TONY TEMONEY *v.* STATE OF MARYLAND

[No. 52, September Term, 1980.]

*Decided May 5, 1981.*

The cause was argued before MURPHY, C. J., and SMITH, DIGGES, ELDRIDGE, COLE, DAVIDSON and RODOWSKY, JJ.

*Gary Offutt, Assistant Public Defender,* with whom were

*Alan H. Murrell, Public Defender,* and *Thomas J. Saunders, Assistant Public Defender,* on the brief, for appellant.

*Michael A. Anselmi, Assistant Attorney General,* with whom was *Stephen H. Sachs, Attorney General,* on the brief, for appellee.

ELDRIDGE, J., delivered the opinion of the Court.

The defendant in this criminal case was charged in the Circuit Court for Prince George's County with rape, various other sexual offenses, armed robbery, burglary, false imprisonment, unlawful shooting with intent to maim, and carrying a dangerous weapon openly with intent to injure. All of these charges were based upon the same course of conduct occurring on May 16, 1978, in Prince George's County, Maryland.

Prior to trial, the State filed a notice that, if the defendant were convicted, it would seek a mandatory maximum sentence pursuant to Maryland Code (1957, 1976 Repl. Vol., 1980 Cum. Supp.), Art. 27, § 643B (c), providing a mandatory maximum sentence without the possibility of parole for persons convicted of a crime of violence who have previously been convicted on two separate occasions of crimes of violence.[1] The prior convictions of crimes of violence were alleged in the State's notice as follows:

---

[1]. Section 643B provides:

"§ 643B. Mandatory sentences for crimes of violence.

"(a) *'Crime of violence'.* — As used in this section, the term 'crime of violence' means abduction; arson; kidnapping; manslaughter, except involuntary manslaughter; mayhem; murder; rape; robbery; sexual offense in the first degree; sexual offense in the second degree; use of a handgun in the commission of a felony or other crime of violence; an attempt to commit any of the aforesaid offenses; assault with intent to murder; and assault with intent to rape.

"The term 'correctional institution' includes Patuxent Institution and a local or regional jail or detention center.

"(b) *Mandatory life sentence.* — Any person who has served three separate terms of confinement in a correctional institution as a result of three separate convictions of any crime of violence shall be sentenced, on being convicted a fourth time of a crime of violence, to life imprisonment without the possibility of parole.

"1. Attempt to commit robbery on October 18, 1974 in the District of Columbia. Case #73794-74A. Sentenced on December 17, 1974 under Federal Youth Correction Act.

"2. Robbery on March 26, 1976 in the District of Columbia. Case #82645-75; sentenced to 18 months on May 7, 1976.

"3. Two counts of first degree rape on November 16, 1978 in Montgomery County, Maryland. Criminal Trial #21238. Defendant was sentenced to life plus fifteen years."

At the conclusion of the trial, the jury found Temoney guilty on four counts: first degree rape, first degree sexual offense, robbery with a deadly weapon, and carrying a dangerous weapon openly with intent to injure. During the subsequent sentencing hearing, the State introduced certified copies of the docket entries in the prior cases and urged that the court sentence the defendant under § 643B (c), as one who has been convicted on two separate prior occasions of crimes of violence.[2] The defendant argued that

---

Regardless of any other law to the contrary, the provisions of this section are mandatory.

"(c) *Third conviction of crime of violence.* — Any person who (1) has been convicted on two separate occasions of a crime of violence where the convictions do not arise from a single incident, and (2) has served at least one term of confinement in a correctional institution as a result of a conviction of a crime of violence, shall be sentenced, on being convicted a third time of a crime of violence, to imprisonment for the term allowed by law, but, in any event, not less than 25 years. Neither the sentence nor any part of it may be suspended, and the person shall not be eligible for parole except in accordance with the provisions of Article 31B, § 11.

"(d) *Compliance with Maryland Rules.* — If the State intends to proceed against a person as a subsequent offender under this section, it shall comply with the procedures set forth in the Maryland Rules for the indictment and trial of a subsequent offender."

Maryland Rule 734 sets forth procedural requirements implementing the statute.

**2.** Apparently because an appeal from the Montgomery County conviction was then pending, the State primarily relied upon the two District of Columbia robbery convictions to bring the case within § 643B (c). However, in the trial court the State did assert that the Montgomery County conviction could be used as one of the prior convictions despite the

the State's evidence was insufficient, in several respects, to bring the case within § 643B (c).

The sentencing hearing concluded with the trial court saying that it was "taking into consideration those three prior offenses" in imposing sentences in the present case. However, the court stated that it would not decide whether Art. 27, § 643B (c), applied under the circumstances, and the court expressly refused to impose a sentence, without eligibility for parole, under that statutory provision. The court imposed a life sentence for rape, a consecutive life sentence for the first degree sexual offense, a consecutive twenty year sentence for armed robbery, and a three year sentence, to run concurrently with the robbery sentence, for carrying a dangerous weapon openly with intent to injure.

The State appealed to the Court of Special Appeals, contending that the trial court erred in not sentencing under the mandatory provisions of Art. 27, § 643B (c).[3] In its appeal, the State conceded that, in order to bring the case within § 643B (c), it had the burden of proving that Temoney was previously convicted twice of separate crimes of violence and had served one term of confinement for a crime of violence. The State relied exclusively on the two District of Columbia robbery convictions as the predicate for the application of § 643B (c), claiming that the docket entries and the presentence investigation report

pendency of the appeal, although it did not take this position during the appellate proceedings in the present case. The Court of Special Appeals, in Butler v. State, 46 Md. App. 317, 322. 416 A.2d 773 (1980), held that if an appeal from a prior conviction were pending at the time of the sentencing, such prior conviction could not serve as a predicate for the application of § 643B. The State's petition for a writ of certiorari in Butler was granted by this Court, 288 Md. 732 (1980), but, before any further proceedings in this Court, it was dismissed on the State's motion. Consequently, we have not ruled on this issue and have no occasion to do so in the instant case.

3. Code (1974, 1980 Repl. Vol.), § 12-302 (c) of the Courts and Judicial Proceedings Article states:

"(c) In a criminal case, the State may appeal:

(1) From a final judgment granting a motion to dismiss or quashing or dismissing any indictment, information, presentment, or inquisition; and

(2) From a final judgment if the State alleges that the trial judge failed to impose the sentence specifically mandated by the Code."

conclusively showed that these two robbery convictions qualified under § 643B (c). Since, in the State's view, it had met the burden of proving that the case came within § 643B (c), it sought a remand for the imposition of a mandatory sentence under that statute.

The defendant, in his appellee's brief addressed to the sentencing issue, argued to the Court of Special Appeals that the trial court's ultimate refusal to sentence under § 643B (c) should be upheld. Although not defending the trial court's unwillingness to rule on the applicability of § 643B (c), the defendant argued that the refusal to sentence under § 643B (c) was correct for a different reason, namely the insufficiency of the State's evidence to make a prima facie case under the mandatory sentencing statute. The principal asserted deficiency in the evidence was the State's alleged failure to prove that the District of Columbia convictions constituted "crimes of violence" within the meaning of the Maryland statute. The defendant argued that the statutory crime of robbery under District of Columbia law is broader than the common law crime of robbery applicable in Maryland, and that the District of Columbia offense encompasses activity which would not amount to robbery or any other crime of violence within the meaning of § 643B (c). The defendant claimed that nothing before the trial judge disclosed the underlying nature of the District of Columbia robbery convictions. The defendant further maintained that, in several other respects, the State's evidence was insufficient to bring the case within § 643B (c).

In addition to defending as an appellee the sentences imposed, the defendant took a cross-appeal claiming that there were several errors contributing to the guilty verdicts. None of these asserted errors, however, related to the propriety of the sentences imposed. The defendant's position in the Court of Special Appeals was that if the guilty verdicts were to be upheld, then the sentences imposed should be affirmed.

The Court of Special Appeals, with regard to Temoney's cross-appeal, found no reversible error relating to the guilty

verdicts. *State v. Temoney,* 45 Md. App. 569, 572-580, 414 A.2d 240 (1980). As to the State's appeal from the sentences, however, the intermediate appellate court did not rule on the issue presented by both sides, *i.e.,* the sufficiency of the evidence to bring the case within § 643B (c). Instead, after pointing out that the trial court erred in not deciding the applicability of § 643B (c), the Court of Special Appeals remanded the case "for the trial court's reconsideration of the facts under the provisions of article 27, section 643B (c)" and "for resentencing." 45 Md. App. at 585. The reason given for not deciding whether the State had made a prima facie case was that the "Court is limited to appellate review and is not empowered to make original factual findings." *Id.* at 584.

Thereafter, this Court granted Temoney's petition for a writ of certiorari, which challenged only that portion of the judgment of the Court of Special Appeals remanding the case for resentencing. The precise question presented in the petition for certiorari is, "Did the Court of Special Appeals err in remanding for a new sentencing hearing without determining whether the evidence was sufficient to find Petitioner a subsequent offender under Art. 27, § 643B?" The State filed no cross-petition for a writ of certiorari.

Temoney's position in this Court, as it was in the Court of Special Appeals, is that there was insufficient evidence to make a prima facie case for mandatory sentencing under Art. 27, § 643B (c), and that for this reason, the sentences imposed by the trial court should have been affirmed. In addition, Temoney argues that because the evidence was insufficient, a remand giving the State an opportunity to relitigate the issue violates that principle of double jeopardy law set forth in *Burks v. United States,* 437 U.S. 1, 98 S. Ct. 2141, 57 L. Ed. 2d 1 (1978), and *Greene v. Massey,* 437 U.S. 19, 98 S. Ct. 2151, 57 L. Ed. 2d 15 (1978).[4] In making this

---

4. In *Burks* and *Greene,* the Supreme Court held that when a criminal conviction is reversed for insufficiency of the evidence, a second trial is precluded under the Double Jeopardy Clause of the Fifth Amendment. The Court believed that in this context, "the purposes of the Clause would be negated were we to afford the government an opportunity for the proverbial 'second bite at the apple.'" *Burks,* 437 U.S. at 17.

latter argument, Temoney seems to construe the opinion and judgment of the Court of Special Appeals as authorizing on remand the presentation of *additional* facts relating to the applicability of Art. 27, § 643B (c).

In response, the State in its brief initially asserts that the case involves no issue concerning the applicability of the double jeopardy principle announced in *Burks v. United States, supra,* because the "limited remand" by the Court of Special Appeals does not contemplate "further proceedings to allow the State another opportunity to prove his [the defendant's] status as a subsequent violent offender." (Respondent's brief, p. 6.) Instead, the State contends that the trial court's determination on remand is limited to considering "the facts adduced by the State at the original sentencing" (*Id.* at p. 9). The State goes on, however, to agree with the defendant that robbery in the District of Columbia is a statutory crime encompassing conduct which would not amount to a "crime of violence" under Art. 27, § 643B. (*Id.* at p. 10.) Next, contrary to the basis for its appeal to the Court of Special Appeals, the State now concedes that its proof at the sentencing hearing concerning the nature of the District of Columbia convictions was "legally defective." (*Ibid.*) The State contends, however, that despite the limited nature of the remand order or the principle of *Burks v. United States, supra,* the State may properly remedy the defect on remand by introducing transcripts of the evidence, or transcripts of the factual bases for the guilty pleas, in the two District of Columbia cases. (*Id.* at p. 11.) At oral argument, the State clarified somewhat its seemingly contradictory positions by adopting the view that neither the Court of Special Appeals' remand order nor the *Burks* principle would preclude the presentation of additional evidence if judicial notice could be taken of that additional evidence.

## I.

Much of the discussion by both sides before this Court has concerned the applicability of the double jeopardy principle

set forth in *Burks v. United States, supra,* and *Greene v. Massey, supra,* to preclude affording the State a second opportunity to supply facts bringing the case within Art. 27, § 643B (c), if it failed to produce sufficient evidence at the first sentencing hearing. Although the Supreme Court has not ruled upon this question, some state courts, including the Maryland Court of Special Appeals, have held that the *Burks* principle is applicable to a sentencing proceeding such as one under § 643B. *Butler v. State,* 46 Md. App. 317, 324, 416 A.2d 773 (1980), *cert. granted,* 288 Md. 732 (1980). but subsequently dismissed upon the State's motion; *Crawley v. Kunzman,* 585 S.W.2d 387, 388 (Ky. 1979); *Reed v. State,* 581 S.W.2d 145, 149 (Tenn. Crim. 1978). *But cf. State v. Braithwaite,* 92 Wash. 2d 624, 600 P.2d 1260, 1261 (1979) (stating generally that a sentencing proceeding under a habitual criminal statute is not affected by the double jeopardy prohibition, but not involving the *Burks* principle, as "the facts with respect to the prior convictions were a matter of record and were not in dispute").[5] However, for several reasons, the issue concerning the applicability of *Burks* to a § 643B proceeding need not, and therefore will not, be decided in this case.[6]

First, the State has in this Court expressly disclaimed any interest in introducing further evidence at a second § 643B proceeding except for such evidence of which judicial notice may be taken. And the only items of evidence allegedly in this category which the State wants to submit are the transcripts of testimony, or statements of fact, at the two District of Columbia robbery trials. However, judicial notice cannot be taken of the testimony or factual statements made

---

**5.** In United States v. DiFrancesco, 449 U.S. 117, 101 S. Ct. 426, 66 L. Ed. 2d 328 (1980), the Supreme Court recently upheld, against a double jeopardy challenge, a statutory authorization for the Government to appeal in a dangerous special offender sentencing proceeding. The appeal in that case was from the alleged failure of the trial court to impose the correct sentence in light of the trial court's own factual findings. Although not involving the question of the applicability of *Burks,* the Supreme Court noted that under the statute before it, the "appellate court . . . is empowered to correct only a legal error." (101 S. Ct. at 439.)

**6.** We have on many occasions emphasized that we will not decide constitutional issues unnecessarily. Simms v. State, 288 Md. 712, 725, 421 A.2d 957 (1980), and cases there cited.

in unrelated trials in other jurisdictions. Although a certified copy of such transcripts may be sufficient for purposes of authentication, their admissibility is otherwise subject to the ordinary rules of evidence. *Fletcher v. Flournoy,* 198 Md. 53, 60, 81 A.2d 232 (1951), *cert. denied,* 343 U.S. 917, 72 S. Ct. 649, 96 L. Ed. 2d 1331 (1952). *See also* Code (1974, 1980 Repl. Vol.), § 10-204 of the Courts and Judicial Proceedings Article.

Second, the remand under the opinion and mandate of the Court of Special Appeals clearly does not contemplate a proceeding at which the State may introduce additional evidence. Instead, because the intermediate appellate court believed that it should not pass upon the facts previously adduced, the remand was limited to the "trial court's reconsideration of *the* facts" and the trial court's resentencing the defendant. Nothing in the opinion or mandate of the Court of Special Appeals suggests that there should be a new evidentiary hearing. Moreover, there is no exception in the opinion and mandate for another evidentiary hearing confined to new evidence of which judicial notice may be taken.[7] And if there were such an exception, it would not help the State here, as judicial notice could not be taken of the trial transcripts in the prior District of Columbia cases.

There is a third and more basic reason why the applicability of the *Burks* principle to a § 643B proceeding need not be decided in this case. The question concerning the applicability of *Burks* would ordinarily be presented in a case involving the imposition of a sentence under § 643B, an appeal by the defendant, and a reversal on the ground that the sentence was erroneous because of insufficient evidence. In this case, however, the trial court refused to impose a sentence under § 643B, and the State appealed, claiming that the evidence conclusively demonstrated that the

---

**7.** Similarly, in situations where the *Burks* principle is applicable, we doubt that the Supreme Court in *Burks* contemplated an exception for a second trial where the prosecution could present additional evidence as long as that additional evidence is subject to "judicial notice" under the law of the particular jurisdiction involved.

defendant came within § 643B (c). The defendant, on the other hand, as the appellee, maintained that the trial court was correct, although for a different reason, *i.e.,* the insufficiency of the evidence to make a prima facie case, and that, therefore, the trial court should be affirmed.

If the State's position in the Court of Special Appeals were correct, namely that the evidence as a matter of law brought the defendant within the mandatory sentencing requirement of § 643B (c), then the case should have been remanded simply for the imposition of a mandatory sentence under that statute. *See State ex rel. Sonner v. Shearin,* 272 Md. 502, 527, 325 A.2d 573, 73 A.L.R.3d 454 (1974). On the other hand, if the evidence were sufficient for a prima facie case under § 643B (c), but nevertheless conflicting or subject to conflicting inferences so that a trier of facts could reasonably go either way, then the case should be remanded for the trial court to make a factual determination and impose the appropriate sentence depending upon that factual determination. However, if the State's evidence were insufficient to permit a finding that the defendant came within § 643B (c), then the trial court's judgment was warranted (although on a different ground than relied on by the trial court) and should be affirmed. The question of the sufficiency of the evidence to establish a prima facie case is, of course, a question of law appropriate for resolution at the appellate level. If the defendant-appellee's position concerning the deficiency in the evidence is correct, the case comes within the settled rule that an appellate court will ordinarily *affirm* a trial court's judgment on any ground adequately shown by the record, even though the ground was not relied on by the trial court. *Health Services Cost Review Commission v. Holy Cross Hospital,* 290 Md. 508, 515, 431 A.2d 641, (1981) *Offutt v. Montgomery Co. Bd. of Ed.,* 285 Md. 557, 563 n. 3, 564, no. 4, 404 A.2d 281 (1979); *Robeson v. State,* 285 Md. 498, 502, 403 A.2d 1221 (1979), *cert. denied,* 444 U.S. 1021, 100 S. Ct. 680, 62 L. Ed. 2d 654 (1980), and cases there collected.

None of the three possible alternatives discussed above would involve a second evidentiary hearing at which the State would have an opportunity to remedy an insufficiency of the evidence. Consequently, the issue whether *Burks* applies to a § 643B proceeding is clearly not presented for decision.

Instead, the question before us is whether the State's evidence was sufficient to permit a trier of facts to determine that the requirements of § 643B (c) were met. If it was, then the judgment of the Court of Special Appeals, remanding for such determination, should be affirmed. If the evidence was not sufficient, then we should affirm the judgment of the trial court even though this was not the basis for the trial court's decision.[8]

## II.

The State's concessions, that the statutory crime of robbery in the District of Columbia encompasses conduct which would not constitute robbery or another crime of violence under Art. 27, § 643B (c),[9] and that its evidence showing the nature of the two District of Columbia robbery convictions was defective, were fully justified.

District of Columbia Code (1973), § 22-2901, sets forth the statutory definition of robbery as follows (emphasis supplied):

"§ 22-2901. Robbery.

Whoever by force or violence, whether against resistance or by sudden *or stealthy seizure or snatching,* or by putting in fear, shall take from the person or immediate actual possession of another

---

**8.** If the issue is encompassed within a petition for certiorari, or if it is otherwise before us under Maryland Rule 813, the principle that an appellate court "will normally affirm a trial court on a ground adequately shown by the record, even though that ground was not the one relied upon by the trial court," is as fully applicable in this Court as in the Court of Special Appeals. Robeson v. State, *supra*, 285 Md. at 503-504.

**9.** The State made a similar concession regarding the District of Columbia offense of robbery in Calhoun v. State, 46 Md. App. 478, 484, 418 A.2d 1241 (1980), *aff'd*, 290 Md. 1, 425 A.2d 1361 (1981).

anything of value, is guilty of robbery, and any person convicted thereof shall suffer imprisonment for not less than two years nor more than fifteen years."

The terms of this section have been interpreted to include acts, such as pickpocketing for example, which involve stealth but not violence or putting in fear. *Jackson v. United States,* 359 F.2d 260 (D.C. Cir. 1966), *cert. denied,* 385 U.S. 877, 87 S. Ct. 157, 17 L. Ed. 2d 104 (1966); *Turner v. United States,* 16 F.2d 535, 536 (D.C. Cir. 1926). In Maryland, on the other hand, mere pickpocketing would be larceny (*not* a "[c]rime of violence," as enumerated by Code, Art. 27, § 643B), rather than robbery. *Cooper v. State,* 9 Md. App. 478, 480, 265 A.2d 569 (1970). *See also Murray v. State,* 214 Md. 383, 387, 135 A.2d 314 (1957).

Article 27, § 643B, enumerates specifically those crimes which are crimes of violence for purposes of the mandatory sentencing statute, all of which involve force or threat against person or property. The language used by the Legislature shows an intent to limit the application of § 643B to repeat offenders of crimes actually involving force or violence. While the defendant's District of Columbia convictions may in fact have been violent crimes, this is not necessarily so, nor is it discernible from the docket entries received into evidence.[10] The State has thus failed to introduce evidence showing that the District of Columbia convictions were "[c]rimes of violence" within the meaning of Art. 27, § 643B. Without the use of the District of Columbia convictions for robbery and attempted robbery as prior convictions of violent crimes, the evidence in this case

---

**10.** The only other "evidence" before the trial court at the sentencing hearing was the presentence investigation report, and this report contained nothing disclosing the facts underlying the District of Columbia convictions.

With regard to some of the other claims of evidentiary insufficiency made by the defendant at the hearing, the parties were in dispute as to whether the trial court could properly consider the presentence report in determining whether the State met its burden of proving compliance with the requirements of Art. 27, § 643B (c). However, in light of our disposition of this case, it is unnecessary to consider the disputed issue concerning the presentence investigation report.

is insufficient to support a mandatory sentence under the provisions of § 643B (c). Thus, the sentences imposed upon Temoney for his Prince George's County convictions of first degree rape, first degree sexual offense, robbery with a deadly weapon, and carrying a dangerous weapon openly with intent to injure, were lawful.

> *Judgment of the Court of Special Appeals vacated, and case remanded to that court with directions to affirm the judgment of the Circuit Court for Prince George's County.*
>
> *Prince George's County to pay costs.*