492 A.2d 644

**Harry Paul BRYAN**

v.

**STATE of Maryland.**

**No. 1275, Sept. Term, 1984.**

Court of Special Appeals of Maryland.

May 15, 1985.

Victoria S. Keating, Asst. Public Defender, Baltimore (Alan H. Murrell, Public Defender, Baltimore, on brief), for appellant.

Richard B. Rosenblatt, Asst. Atty. Gen., Baltimore (Stephen H. Sachs, Atty. Gen., Baltimore, Sandra A. O'Connor, State's Atty., and Dana Williams, Asst. State's Atty., both for Baltimore County, Towson, on brief), for appellee.

Submitted before WILNER, ADKINS and BLOOM, JJ.

BLOOM, Judge.

Appellant, Harry Paul Bryan, was convicted by a jury in the Circuit Court for Baltimore County (Hennegan, J.) of burglary and theft. At the disposition hearing, the State established that appellant had been convicted of two prior offenses: in 1976 he had pleaded guilty in the Circuit Court for Anne Arundel County to robbery with a deadly weapon, for which he received a two year suspended sentence; in 1977 he had pleaded guilty in the Criminal Court for Baltimore City to robbery, for which he received a seven year sentence. A portion of that sentence was served.

Based upon Bryan's two previous convictions, the court sentenced him to a term of imprisonment of twenty-five years without parole for the burglary conviction, in accordance with Md.Ann.Code art. 27, § 643 B(c). The theft conviction was merged with the burglary conviction.

Bryan appealed from his sentence and, in an unreported per curiam opinion, we vacated his sentence and remanded the proceedings for resentencing because the court had imposed the sentence under § 643 B without giving Bryan an opportunity to challenge the applicability of that statute. *Bryan v. State,* No. 1287, September Term, 1983, filed May 18, 1984.

A second sentencing hearing was held on September 27, 1984, and appellant was again sentenced to a term of twenty-five years without parole pursuant to § 643 B(c). In this appeal, Bryan raises a single issue:

Is Maryland Code art. 27, § 643 B(c) unconstitutional in that it makes the imposition of a twenty-five year term of imprisonment without the possibility of parole mandatory under all circumstances where it has been sought by the state, merely upon proof of the third conviction of a "crime of violence" as defined in that statute plus proof that the defendant has served at least one prior term of imprisonment?[1]

Finding no constitutional infirmity in § 643 B(c), we will affirm the judgment of the circuit court.

The challenged statute provides:

§ 643B.  Mandatory sentences for crimes of violence.

(a) *"Crime of violence".*—As used in this section, the term "crime of violence" means abduction; arson; burglary; daytime housebreaking under § 30(b) of this article; kidnapping; manslaughter, except involuntary manslaughter; mayhem and maiming under §§ 384, 385, and 386 of this article; murder; rape; robbery; robbery with a deadly weapon; sexual offense in the first degree; sexual offense in the second degree; use of a handgun in the commission of a felony or other crime of violence; an attempt to commit any of the aforesaid offenses; assault with intent to murder; and assault with intent to rape.

\*  \*  \*  \*  \*  \*

(c) *Third conviction of crime of violence.*—Any person who (1) has been convicted on two separate occasions of a crime of violence where the convictions do not arise from a single incident, and (2) has served at least one term of confinement in a correctional institution as a result of a conviction of a crime of violence, shall be sentenced, on being convicted a third time of a crime of violence, to imprisonment for the term allowed by law, but, in any event, not less than 25 years.  Neither the sentence nor

---

**1.** The constitutionality of § 643 B(c) was also questioned by Bryan in his previous appeal to this court.  Based upon our decision to remand, there was no need to address the issue at that time.

any part of it may be suspended, and the person shall not be eligible for parole except in accordance with the provisions of Article 31B, § 11. A separate occasion shall be considered one in which the second or succeeding offense is committed after there has been a charging document filed for the preceding occasion.

Since Bryan had been convicted of two prior crimes of violence as defined in § 643 B(a), robbery with a deadly weapon and robbery, and had served time in prison for one of those crimes, § 643 B(c) mandates the imposition of a twenty-five year sentence without parole for the current burglary conviction. *See, Loveday v. State,* 296 Md. 226, 462 A.2d 58 (1983). We must now determine whether this penalty constitutes cruel and unusual punishment as proscribed by the eighth amendment to the United States Constitution.

In two recent cases, the United States Supreme Court addressed the issue of whether a mandatory sentencing statute aimed at repeat offenders violated the eighth amendment. In *Rummel v. Estelle,* 445 U.S. 263, 100 S.Ct. 1133, 63 L.Ed.2d 382 (1980), which originated in Texas, the petitioner was convicted of fraudulently using a credit card to obtain $80 worth of goods and services in 1964 and of passing a forged check in the amount of $28.36 in 1969. Both crimes amounted to felonies under Texas law, for which Rummel received sentences of three and four years imprisonment, respectively. Several years later, Rummel was convicted of obtaining $120.75 by false pretenses. Rummel was sentenced to life imprisonment for this offense, based on the Texas recidivist statute, which provided that "whoever shall have been three times convicted of a felony less than capital shall upon such third conviction be imprisoned for life in the penitentiary." Texas Penal Code Ann. § 63.[2]

---

**2.** This section has been revised slightly and recodified in Texas Penal Code Ann. § 12.42(d) (1983).

In reviewing the Texas statute, the Court addressed recidivist statutes in general.

> Its primary goals are to deter repeat offenders and, at some point in the life of one who repeatedly commits criminal offenses serious enough to be punished as felonies, to segregate that person from the rest of society for an extended period of time. This segregation and its duration are based not merely on that person's most recent offense but also on the propensities he has demonstrated over a period of time during which he has been convicted of and sentenced for other crimes.

*Rummel* at 284, 100 S.Ct. at 1144.

The Court ultimately held that the mandatory life sentence imposed on Rummel did not constitute cruel and unusual punishment under the eighth amendment. In so holding, it noted that successful challenges to the proportionality of a sentence are rare indeed, unless capital punishment is involved. *Id.* at 272, 100 S.Ct. at 1138. The Court also expressed its reluctance to criticize legislatively mandated terms of incarceration. *Id.* at 274, 100 S.Ct. at 1139. Thus, the *Rummel* Court chose to uphold the imposition of a life sentence on one who had been convicted of three relatively minor non-violent crimes classified as felonies, in the interest of avoiding judicial intervention into legislative sentencing decisions.

A South Dakota mandatory sentence statute aimed at repeat offenders was considered by the Supreme Court in *Solem v. Helm,* 463 U.S. 277, 103 S.Ct. 3001, 77 L.Ed.2d 637 (1983). Helm was convicted of six felonies between 1964 and 1975: obtaining money under false pretenses, grand larceny, third degree burglary on three separate occasions and driving while intoxicated.[3] In 1975, Helm was convicted of uttering a "no account" check for $100. The State then opted to proceed under the South Dakota recidivist

---

3. Helm had been convicted three times of driving while intoxicated. South Dakota declares a third driving while intoxicated conviction to be a felony. S.D. Codified Laws § 32–23–4 (1984).

statute which provided that "when a defendant has been convicted of at least three prior convictions [sic] in addition to the principal felony, the sentence for the principal felony shall be enhanced to the sentence for a Class 1 felony." S.D. Codified Laws § 22–7–8 (1979). The maximum penalty for a "Class 1 felony" was life imprisonment without the possibility of parole. S.D. Codified Laws § 22–6–1(2); § 24–15–4 (1979). Helm was sentenced to life imprisonment under § 22–7–8. His request to the governor to commute his sentence to a fixed term of years was denied.

On certiorari to the Supreme Court, Helm contended that his life sentence violated the prohibition against cruel and unusual punishment found in the eighth amendment. The Court agreed.

Justice Powell, speaking for the Court, enunciated three factors which should be considered in deciding whether a sentence imposed is proportionate, and thereby constitutional, or disproportionate and unconstitutional. The reviewing court should consider "(i) the gravity of the offense and the harshness of the penalty; (ii) the sentences imposed on other criminals in the same jurisdiction; and (iii) the sentences imposed for commission of the same crime in other jurisdictions." 103 S.Ct. at 3011. For the crime of uttering a worthless check for $100 (which the Court did not view as a very grave offense), Helm was imprisoned for life with no possibility of parole. There were few other crimes in South Dakota punishable by life imprisonment as a mandatory sentence, and the Court noted that in only one other state could Helm have received a life sentence for his crime. Accordingly, the Court determined that Helm's sentence was so grossly disproportionate to his offense as to violate the eighth amendment.

The Court noted several factors which distinguished *Solem* from *Rummel*. In *Solem*, the petitioner was imprisoned for life without the possibility of parole; whereas in *Rummel*, the petitioner was eligible for parole. 103 S.Ct. at 3016–17, n. 32. The Texas statute in *Rummel* was

mandatory while the South Dakota statute in *Solem* was discretionary. The Court implied that a discretionary statute left more room for the imposition of a non-proportionate sentence than did a mandatory statute. 103 S.Ct. 3014, n. 27. The Court pointed out in *Solem* that some eighth amendment cases require proportionality challenges to sentences and some do not. *Rummel* did not require the proportionality test, but the facts in *Solem* were sufficiently distinguishable to necessitate an eighth amendment proportionality review. *Solem,* 103 S.Ct. at 3016–17, n. 32. Justice Powell further stated in *Solem* that *Rummel* should be "controlling only in a similar factual situation." *Id.*

■■■ Our examination of the record in this case and the Maryland statute leads us to the conclusion that the sentence imposed on appellant did not constitute cruel and unusual punishment and that a proportionality review as explained in *Solem* is not warranted. Rather, we find *Rummel* to be apposite.

Maryland's enhanced penalty statute is very different from South Dakota's statute. In order for § 643 B(c) to be applicable, an offender must have been convicted twice previously of specified "crimes of violence" and must have served at least one term of imprisonment for one of those offenses. All of the specified crimes of violence are serious offenses which involve either bodily injury or a great risk of bodily injury. § 643 B(a); *Hawkins v. State,* 302 Md. 143, 486 A.2d 179 (1985); *Temoney v. State,* 290 Md. 251, 429 A.2d 1018 (1981). A conviction of any of the enumerated crimes of violence of § 643 B in and of itself involves the potential of a lengthy prison term even for a first offender:

Ten years for daytime housebreaking,[4] manslaughter,[5] mayhem,[6] or robbery;[7] fifteen years for assault with intent

---

**4.** Md.Ann.Code art. 27, § 30(b) (1982).

**5.** Md.Ann.Code art. 27, § 387 (1982).

**6.** Md.Ann.Code art. 27, § 384 (1982).

**7.** Md.Ann.Code art. 27, § 486 (1982).

to rape;[8] twenty years for abduction,[9] burglary,[10] second degree rape,[11] second degree sexual offense,[12] robbery with a deadly weapon,[13] or unlawful use of a handgun in the commission of a felony or crime of violence;[14] thirty years for arson,[15] kidnapping,[16] murder in the second degree,[17] or assault with intent to murder;[18] life imprisonment for first degree rape[19] or first degree sexual offense.[20] For first degree murder, the penalty is either death or imprisonment for life.[21] The general provision with respect to attempt convictions provides that the sentence may not exceed the maximum sentence for the crime attempted. Md.Ann.Code art. 27, § 644 A (1982).

In *Solem*, the enhanced penalty statute applied to persons who had been previously convicted of crimes which, although classified as felonies, are not necessarily serious crimes involving violence or risk of violence or bodily harm. Several of the crimes that Mr. Helm committed would not

---

8. Md.Ann.Code art. 27, § 12 (1982).

9. Md.Ann.Code art. 27, § 2 (1982).

10. Md.Ann.Code art. 27, § 29 (1982).

11. Md.Ann.Code art. 27, § 463 (1982).

12. Md.Ann.Code art. 27, § 464 A (1982).

13. Md.Ann.Code art. 27, § 488 (1982).

14. Md.Ann.Code art. 27, § 36 B(d) (1982, 1984 Supp.).

15. Md.Ann.Code art. 27, § 6 (1982).

16. Md.Ann.Code art. 27, § 337 (1982).

17. Md.Ann.Code art. 27, § 412 (1982).

18. Md.Ann.Code art. 27, § 12 (1982).

19. Md.Ann.Code art. 27, § 462 (1982).

20. Md.Ann.Code art. 27, § 464 (1982).

21. Md.Ann.Code art. 27, § 412 (1982).

be predicate crimes under the Maryland statute, including the crime for which Helm was ultimately imprisoned for life—uttering a worthless check for $100.00.

Further, unlike the statute in *Solem*, the Maryland statute does not mandate a life sentence for previous offenders; the "three-time loser" in Maryland is imprisoned for twenty-five years without parole. Appellant has some hope of an eventual release from prison.

We note also that there have been a plethora of recent state and federal district court cases upholding mandatory recidivist statutes. *See, e.g. Moreno v. Estelle*, 717 F.2d 171 (5th Cir.1983), *cert. denied*, —— U.S. ——, 104 S.Ct. 2353, 80 L.Ed.2d 826 (1984), holding that a proportionality analysis was not necessary and that life imprisonment was not unconstitutional for a conviction of aggravated assault in light of two previous felony convictions; *Tombrello v. State*, 421 So.2d 1319 (Ala.Crim.App.1982), holding that life imprisonment is not cruel and unusual punishment for a first degree burglary conviction after previous convictions; *Arizona v. Noriega*, 142 Ariz. 474, 690 P.2d 775 (1984), holding, after a *Solem* proportionality review, that the life sentence imposed was not unconstitutional; *Seely v. State*, 451 So.2d 213 (Miss.1984), holding, in reliance upon *Rummel v. Estelle, supra*, that a fifteen year sentence without parole was proper for a forgery conviction and prior non-violent felony convictions; *State v. Archibeque*, 95 N.M. 411, 622 P.2d 1031 (1981), holding that a life sentence was appropriate for a habitual offender, especially in light of judicial deference to the legislature; *State v. Duffel*, 665 S.W.2d 402 (Tenn.Crim.App.1983), upholding the imposition of life imprisonment for armed burglary in light of previous felony convictions.

Based upon our determination that the Maryland mandatory sentence statute for repeat offenders is distinguishable from the South Dakota statute attacked in *Solem* and our examination of cases from other jurisdictions upholding recidivist statutes in general, we reject appellant's conten-

**220**

tion that Md.Ann.Code art. 27, § 643 B(c) is unconstitutional as violative of the eighth amendment.

JUDGMENT AFFIRMED.

COSTS TO BE PAID BY APPELLANT.