499 A.2d 503

**Ronald D. TEETER**

v.

**STATE of Maryland.**

**No. 119, Sept. Term, 1985.**

Court of Special Appeals of Maryland.

Nov. 7, 1985.

Certiorari Denied Jan. 30, 1986.

John L. Kopolow, Asst. Public Defender, Baltimore (Alan H. Murrell, Public Defender, Baltimore, on the brief), for appellant.

Richard B. Rosenblatt, Asst. Atty. Gen., Baltimore (Stephen H. Sachs, Atty. Gen., Baltimore, Thomas E. Hickman, State's Atty. for Carroll County and Kathi Hill, Asst. State's Atty. for Carroll County on the brief, Westminster, for appellee.

Argued before BISHOP, ROSALYN B. BELL and ROBERT M. BELL, JJ.

ROSALYN B. BELL, Judge.

Ronald D. Teeter was found guilty in a bench trial in the Circuit Court for Carroll County of daytime housebreaking, theft of goods over $300 and malicious destruction of property. Prior to trial the State had advised Teeter that if he was convicted, it would seek a mandatory maximum sentence under Maryland's multiple offender statute [1]. At sentencing the court imposed concurrent, mandatory twenty-five year sentences on all three convictions. Teeter appeals both the malicious destruction of property conviction and the sentences imposed raising several issues:

"1. Was the evidence sufficient to support the conviction for malicious destruction of property?

"2. Did the trial judge err by admitting at the sentencing hearing documentary hearsay that was offered by the State to show a prior term of confinement served by Appellant?

---

**1.** Md.Ann.Code Art. 27, § 643B(c) (1957, 1982 Repl.Vol., 1984 Cum. Supp.) provides for a twenty-five year sentence for persons convicted of a crime of violence who previously have been convicted, on two separate occasions, of crimes of violence.

"3. Was Appellant illegally sentenced under Art. 27, Sec. 643B(c), because the State failed to prove that his predicate offenses were in fact crimes of violence?

"4. Is Art. 27, § 643B(c), unconstitutional in that it mandates a twenty-five year sentence for statutorily eligible defendants without regard to the presence or absence of mitigating factors? [and]

"5. Do Appellant's mandatory twenty-five year sentences for theft and malicious destruction of property exceed statutory limits?"

We will consider each issue *seriatim* after a brief discussion of the trial and disposition hearing.

### The Trial

Pamela Lynn Calhoun returned home on the afternoon of October 12, 1983 to find her patio door broken and glass scattered across the dining room floor. Three bedrooms had been ransacked and property taken. According to Mrs. Calhoun, the stolen property was valued at $1200 or $1300. Among the missing items were two rings and several weapons, including a Smith and Wesson service revolver belonging to her husband, Officer Glenn Calhoun.

The following week, police seized a ring from the finger of Kathy Watson resembling one of the two stolen. Watson, who testified under a grant of immunity from prosecution, stated that Teeter had given her the ring. Watson also recounted that she observed Jerry Burkett, an acquaintance, take a pistol from Teeter. According to Officer Calhoun, the pistol resembled the service revolver taken from his house. At Watson's residence, the police also recovered a small ring which Mrs. Calhoun claimed belonged to her daughter.

Richard Elligson, a truck driver on a delivery, identified Teeter as the man he saw near the Calhoun house about 1:00 p.m., October 12, 1983. Several neighbors called by the State also placed Teeter in the vicinity the day of the housebreaking.

At the conclusion of the evidence, the court found Teeter guilty and sentenced him on the housebreaking, theft and destruction of property counts.

### The Sentencing

At the disposition hearing, the State relied exclusively on documentary evidence to prove the necessary foundation for an enhanced sentence under the mandatory offender statute. State's Exhibits 1 through 4 consisted of docket entries of criminal cases: Baltimore County Case Nos. 66200, 73002 and 73003, and Carroll County Case No. 6231, respectively, showing a "Ronald Teeter" was convicted of eight daytime housebreakings alleged to have been committed between 1979 and 1981.

State's Exhibit 5 was introduced to show Teeter had served a term of confinement. The exhibit included an October 19, 1983 letter from Baltimore County Police Lieutenant William Faul addressed to Merry Coplin, Superintendant of the Maryland Reception, Diagnostic and Classification Center (M.R.D.C.C.), requesting a certified copy of the fingerprint card and committment record for a § 643B incarceration of a "Ronald Dale Teeter." That exhibit also included the notarized certification, executed October 26, 1983, by Sergeant James Felix, Records Custodian at M.R. D.C.C., attesting that the attached documents were accurate reproductions of original M.R.D.C.C. records of " 'Teeter, Ronald Dale,' # 158795, a person heretofore committed to and who served a term of confinement therein;" the attached fingerprint copies, ostensibly those of a "Ronald Dale Teeter;" and the photographs of an inmate number 158795, also ostensibly those of a "Ronald Dale Teeter." Based upon Teeter's prior convictions, the court sentenced him in accordance with § 643B(c).

## I. SUFFICIENCY OF THE EVIDENCE

■ Appellant alleges as his first point of error that the evidence was insufficient to sustain the conviction for malicious destruction of property under Md.Code Ann., Art. 27,

§ 111 (1957, 1982 Repl.Vol.). We enumerated the elements of this violation in *Duncan v. State*, 5 Md.App. 440, 443, 248 A.2d 176 (1968):

> "(1) as to the property: it may be real or personal property but must be that of another;
>
> (2) as to the mischief: the property must be destroyed, injured, defaced or molested;
>
> (3) as to the mens-rea: the mischief must be wilful and malicious."

We went on to hold in *Duncan, supra*, that the requisite intent for this crime is analogous to the concept of malice in the law of homicide.

> "We think that the special element of mens-rea in malicious mischief, designated in the statute as 'wilfully and maliciously,' requires either a specific intent to cause the destruction, injury, defacement or molestation of property of another, or an act done in wanton and wilful disregard of the plain and strong likelihood of such harm, without any justification, excuse, or substantial mitigation."

*Id.* at 445, 248 A.2d 176.

In *Duncan, supra*, and *Spears v. State*, 38 Md.App. 700, 382 A.2d 616 (1978), *cert. denied*, 282 Md. 739 (1978), we applied this intent standard and found the admitted evidence insufficient to prove that the destructive act in question was perpetrated in wanton and wilful disregard of the likelihood of harm. *Duncan v. State, supra* 5 Md.App. at 448, 248 A.2d 176. In both cases, hazardous driving with a stolen automobile resulted in a collision. The charge of malicious destruction of property could not stand because either intentional destruction of property or mere negligence was equally inferrable from the evidence.

As the only basis to support his contention that this conviction was erroneous, appellant argues that the broken patio door may have occurred as a result of negligent conduct on his part and maintains *Duncan* and *Spears* support his claim of evidentiary insufficiency. The evidence does not bear out this contention.

The homeowner testified that his patio door had been completely knocked out with some object and his wife stated that glass from the broken door was strewn across the dining room floor. The record does not support an inference that this door was broken in a negligent manner. Moreover, this is not a single isolated event. The entry and theft which followed further negate the inference propounded by appellant. The evidence was clearly sufficient to support appellant's conviction under Art. 27, § 111.

## II. EVIDENCE AT SENTENCING

■ Appellant was sentenced to a mandatory twenty-five year minimum sentence under Md.Code Ann., Art. 27, § 643B(c) *supra.* As a prerequisite to imposing that sentence, the State must show that the defendant was convicted on two separate occasions of crimes of violence in which the convictions do not arise from a single incident (that is, the second offense was committed after a charging document was filed in the first, *Garrett v. State,* 59 Md.App. 97, 474 A.2d 931 (1984), *cert. denied,* 300 Md. 483, 479 A.2d 372 (1984)), and that the defendant served at least one term of confinement as a result of one of those prior convictions. We held in *Sullivan v. State,* 29 Md.App. 622, 349 A.2d 663 (1976), that mandatory statutory predicates had to be proved by the State beyond a reasonable doubt before a recidivist punishment could be imposed. *Id.* at 631, 349 A.2d 663.

Appellant does not argue that the prerequisites were not met by the evidence[2], but centers his complaint on the admission of certain evidence at the disposition hearing. He does not challenge the admission of the docket entries in the prior criminal cases, nor does he challenge most of the records from M.R.D.C.C. Instead, appellant focuses on the certification executed by Sgt. Felix linking him to a term of confinement. He argues that the affidavit was clearly

---

**2.** Appellant never challenged the fact of the prior convictions or incarceration, nor did he dispute the truth of the affidavit.

hearsay and not within any recognized exception to the hearsay rule. He posits that this affidavit was not one made in the general course of business of the M.R.D.C.C., but was made solely for litigation purposes and is inadmissible.

■ It is well settled in this State that a sentencing court may consider a broad range of evidence. *Logan v. State,* 289 Md. 460, 480–81, 425 A.2d 632 (1981). Notwithstanding precedent, appellant cites *Smith v. Jones,* 236 Md. 305, 203 A.2d 865 (1963) and *Palmer v. Hoffman,* 318 U.S. 109, 63 S.Ct. 477, 87 L.Ed. 645 (1943), to support his claim that documents prepared in anticipation of litigation fail the tests of necessity and trustworthiness germane to all recognized hearsay exceptions. Appellant's claim is misplaced in the context of sentencing. At a disposition hearing, unlike a trial on the merits, the quantum of proof required to fix an appropriate sentence is not tantamount to beyond a reasonable doubt. The trustworthiness of the evidence submitted at this stage is not implicated to the same degree as that necessary to a fair determination of guilt or innocence. In addition, the actual imposition of a sentence is within the peculiar province of the judge. Apprehension about the unreliability of hearsay is diminished because a judge, unlike most jurors, is skilled in distinguishing credible from non-credible evidence. Finally, the Legislature has sanctioned the use of hearsay evidence at sentencing by permitting the introduction of presentence investigation reports.

Appellant urges us, however, that a mandatory sentencing proceeding is different from other sentencing proceedings, and consequently, incompetent hearsay should not be admissible. We agree with appellant that the imposition of an enhanced penalty is different from a first or even second offense sentence. We disagree that otherwise inadmissible hearsay may not be offered at such a proceeding.

■ We hold that proceedings to increase punishment for a charged offense because of prior convictions are part of the sentencing procedure. The rules of evidence applicable

in a trial on the issue of innocence or guilt are not controlling. As a general rule hearsay is admissible at such a proceeding. As *Sullivan v. State, supra,* states, in a mandatory sentencing, however, the State carries the additional burden of proving the allegations of prior offenses and incarceration beyond a reasonable doubt. This means that to meet that burden, the State must prove those factual predicates under § 643B with competent evidence. Once the court is satisfied that the State has proved the prior convictions and term of incarceration with admissible evidence, almost any other type of evidence, including otherwise inadmissible hearsay, may be offered and accepted into evidence. We conclude that such a procedure affords the defendant the right of confrontation and cross-examination required under the Due Process Clause and under *Specht v. Patterson,* 386 U.S. 605, 610, 87 S.Ct. 1209, 1212, 18 L.Ed.2d 326 (1967).

In the case *sub judice,* appellant asserts that the requisite term of confinement was proved solely by an incompetent affidavit. The record does not bear out this contention. The term of confinement was adequately demonstrated by the remaining records.

The intake card included in Exhibit 5 indicated that appellant was received at the M.R.D.C.C. on August 3, 1981 to serve a sentence of four years. The fingerprints and photographs confirmed his identity. While these records do not set out the date of release, the testimony is clear that appellant was no longer confined by October 1983 when the most recent offenses were committed. It is not necessary that the full sentence imposed be served in order to satisfy the requirements of § 643B, so long as a "term of incarceration" has been completed. *McLee v. State,* 46 Md.App. 472, 477, 418 A.2d 1238 (1980), *cert. denied,* 289 Md. 738 (1981); *See Davis v. State,* 56 Md.App. 694, 704–05, 468 A.2d 698 (1983), *cert. denied,* 299 Md. 425, 474 A.2d 218 (1984).

The term of incarceration was adequately established by the balance of the evidence. In view of this, the affida-

vit was merely cummulative. The admission, if error, was harmless.

## III. PROOF THAT THE PREDICATE CRIMES WERE CRIMES OF VIOLENCE

Appellant postulates that his sentence was unlawfully imposed because the State failed to prove that his prior offenses were, in fact, crimes of violence. He concedes that he failed to preserve this issue for our review, but reminds us that an assertion of an unauthorized sentence may be considered for the first time on appeal. *Walczak v. State,* 302 Md. 422, 427, 488 A.2d 949 (1985).

 Appellant espouses a novel approach which was not raised below. While an issue not preserved for our review can be summarily dealt with under Rule 1085, the imposition of an illegal sentence can be raised at any point. *Walczak, supra.* Here, however, appellant contests the sufficiency of the proof for the imposition of the sentence, not the sentence itself. Neither appellant nor the State has commented on whether *Walczak* extends to this situation; but, we need not decide whether appellant is correct because we hold that under § 643B when any of the predicate crimes listed are shown, actual violence need not be established. Let us explain.

Appellant urges us to extend the Court's holding in *Temoney v. State,* 290 Md. 251, 429 A.2d 1018 (1981), to mandate that there must be a showing of actual violence. In *Temoney* the Court addressed the question of whether the State, when it intends to rely upon an out-of-state robbery conviction as a predicate crime of violence for § 643B sentencing, must adduce any evidence beyond the bare fact of the conviction. It held that robbery in the District of Columbia, unlike Maryland, encompassed acts such as pickpocketing, which involve stealth but not violence or putting in fear. The Court concluded:

> *"The language used by the Legislature shows an intent to limit the application of § 643B to repeat offenders of*

*crimes actually involving force or violence.* While the defendant's District of Columbia convictions may in fact have been violent crimes, this is not necessarily so, nor is it discernible from the docket entries received into evidence. The State has thus failed to introduce evidence showing that the District of Columbia convictions were '[c]rimes of violence' within the meaning of Art. 27, § 643B." (footnote omitted; emphasis added).

*Id.* at 263, 429 A.2d 1018.

Accordingly, appellant points out that mere proof of prior convictions for statutory rape in Missouri, *Mitchell v. State,* 56 Md.App. 162, 183–84, 467 A.2d 522 (1983), and bank robbery in the District of Columbia, *Powell v. State,* 56 Md.App. 351, 373–74, 467 A.2d 1052 (1983), *cert. denied,* 298 Md. 540, 471 A.2d 745 (1984), 299 Md. 137, 472 A.2d 999 (1984), *mot. for reconsid. denied,* 299 Md. 656, 474 A.2d 1345 (1984), has been held inadequate because those crimes, as statutorily defined in those jurisdictions, do not necessarily involve violence.

Appellant states that in this case the predicate offenses consisted of daytime housebreakings with intent to steal. He insists that the crimes that are included in the list under § 643B(a), by definition, entail violence or an intent to do violence to the person—burglarious crimes are distinguishable as offenses against possession.[3] He correctly posits that while an actual breaking may consist of merely lifting a latch, turning a knob, or pushing open a door, a constructive breaking may be accomplished by trick, fraud, artifice, deception or similar nonviolent means. *Brooks v. State,* 277 Md. 155, 159, 353 A.2d 217 (1976).

Appellant then urges us to stretch *Temoney* and conclude that when a proposed predicate crime does not necessarily

---

**3.** *Temoney, supra,* states that the enumerated crimes of violence for purposes of the mandatory sentencing statute involve force or threat of violence against the person or property. 290 Md. at 263, 429 A.2d 1018.

involve force of violence, it is not enough for the State to show only that it is included in the statutory crimes of violence list; in addition, the State must present some evidence of the underlying facts of the offense to establish that it was committed violently.

Appellant's leap from *Temoney* to the case *sub judice* falls short. *Temoney v. State, supra,* requires the State to prove the factual predicate for crimes committed outside of the State of Maryland in order to show that if each crime had been committed in Maryland, it would have constituted a crime of violence under § 643B. Violence need not necessarily be shown under the *Temoney* decision. Where the predicate crimes listed in § 643B are shown, additional proof of violence need not be established. A basic rule of statutory construction is that where the meaning is plain, we need go no further. Since the Legislature has defined crime of violence for purposes of the statute to include daytime housebreaking, proof of conviction alone is sufficient to satisfy the statute.

Daytime housebreaking is among the enumerated predicate offenses for mandatory sentencing. Here, conviction of two or more crimes of violence was shown. There was no error.

## IV. CONSTITUTIONALITY OF ARTICLE 27, SECTION 643B(c)

### *Cruel and Unusual Punishment*

█ Appellant alleges that Art. 27, § 643B(c) violates the Federal and State Constitutional proscriptions against cruel and unusual punishment. He proffers that because the statute mandates a twenty-five year sentence for eligible defendants without regard to any mitigating factors it is constitutionally infirm. To support his position, appellant directs us to *Woodson v. North Carolina,* 428 U.S. 280, 96 S.Ct. 2978, 49 L.Ed.2d 944 (1976) and *Solem v. Helm,* 463 U.S. 277, 103 S.Ct. 3001, 77 L.Ed.2d 637 (1983).

We have recently considered and rejected this argument. *Bryan v. State,* 63 Md.App. 210, 492 A.2d 644 (1985). In *Bryan,* we examined *Solem v. Helm, supra,* and *Rummel v. Estelle,* 445 U.S. 263, 100 S.Ct. 1133, 63 L.Ed.2d 382 (1980), and approved the Maryland enhanced punishment scheme. We concluded that the serious nature of § 643B(a) predicate crimes and the probability of release eliminated any constitutional deficiencies.[4] *Bryan, supra* 63 Md.App. at 218–19, 492 A.2d 644.

Further, *Woodson* and *Solem* do not aid appellant. The *Woodson* Court ruled that "individualized" sentencing is not a constitutional mandate unless the death penalty is implicated:

> "While the prevailing practice of individualizing sentencing determinations generally reflects simply enlightened policy rather than a constitutional imperative, we believe that in capital cases the fundamental respect for humanity underlying the Eighth Amendment ... requires consideration of the character and record of the individual offender and the circumstances of the particular offense as a constitutionally indispensable part of the process of inflicting the penalty of death.
>
> "This conclusion rests squarely on the predicate that the penalty of death is qualitatively different from a sentence of imprisonment, however long."

*Id.* 428 U.S. at 304–05, 96 S.Ct. at 2991. (citation omitted). Moreover, in *Solem v. Helm, supra,* it was held that a court's "proportionality" analysis was not to be guided by a consideration of the defendant's characteristics. Instead, objective criteria should govern, including a comparison of the sentence imposed to that available for other crimes and

---

**4.** In *Solem v. Helm, supra,* the defendant was sentenced to mandatory life imprisonment with no chance of parole for uttering a no account check for $100. The Supreme Court concluded that the South Dakota recidivist statute violated the Eighth Amendment, noting the predicate crime involved no violence and defendant was incarcerated with no hope of release. *Id.* 463 U.S. at 296–97, 103 S.Ct. at 3012–13.

the same crime in other jurisdictions. *Id.* 463 U.S. at 292, 103 S.Ct. at 3011. Neither *Woodson* nor *Solem* is controlling.

## Due Process and Equal Protection

■■■ Appellant contests the constitutionality of the multiple offender statute under the Due Process and Equal Protection Clauses of the Fourteenth Amendment and Art. 25 of the Maryland Constitution. He proposes that because § 643B(c) places the decision to seek the imposition of the mandatory sentence entirely in the hands of the prosecutor, such severe sentencing with no opportunity for the exercise of judicial discretion runs afoul of fundamental fairness. Appellant's argument is spurious.

■■■ There is no right under the Constitution to a judicially determined sentence, as opposed to a judicially imposed sentence. The Legislature, not the court, is empowered to fix the minimum and maximum terms of confinement for a given offense. Further, our criminal justice system bestows upon the prosecutor broad discretion at various stages of a criminal proceeding. The decisions (1) to call a grand jury investigation; (2) to charge and with what crimes; (3) to decline to prosecute; (4) to negotiate a plea agreement and on what terms; and (5) to recommend a harsh or lenient sentence are all encompassed within prosecutorial discretion. The mere fact that the Legislature has enacted an enhanced penalty statute, and the State has chosen to apply that statute in certain situations, does not necessarily yield a constitutional violation.[5] There was no error.

---

5. Appellant argued below that he was singled out for sentencing under § 643B because the alleged victim was a police officer, noting he is the only individual in Carroll County to serve a sentence under the enhanced statute. Since he has abandoned that argument on appeal, we need not and will not respond.

## V. THE MANDATORY SENTENCE FOR THEFT, MALICIOUS DESTRUCTION OF PROPERTY

■ Appellant received concurrent, mandatory twenty-five year sentences for daytime housebreaking, theft and malicious destruction of property. He points out that such sentencing is limited to "crimes of violence" as set forth in Art. 27, § 643B(a). Neither theft nor malicious destruction of property is included within that listing. He argues that the sentences for those convictions are illegal as a matter of statutory law and must be vacated, citing *Mitchell v. State,* 56 Md.App. 162, 467 A.2d 522 (1983) and *Walczak v. State,* 302 Md. at 427, 488 A.2d 949.

The State concedes that appellant is correct, but relies on his failure to preserve this issue for our review. Moreover, the State posits that no manifest injustice has been shown because the sentences imposed were concurrent.

In view of the concession by the State and the holding of the Court of Appeals in *Walczak v. State, supra,* that an illegal sentence can be reviewed on direct appeal even in the absence of an objection at trial, we hold that the mandatory twenty-five year sentences for theft and malicious destruction of property are illegal. These crimes are not enumerated crimes of violence within the enhanced punishment statute. Accordingly, each of these sentences is vacated.

DAYTIME HOUSEBREAKING: JUDGMENT AFFIRMED.

THEFT AND MALICIOUS DESTRUCTION OF PROPERTY: CONVICTIONS AFFIRMED AND SENTENCES VACATED AND REMANDED FOR IMPOSITION OF A LEGAL SENTENCE.

COSTS TO BE PAID ⅘ BY APPELLANT AND ⅕ BY CARROLL COUNTY.