536 A.2d 135

**George William GANTT**

v.

**STATE of Maryland.**

**No. 664, Sept. Term, 1987.**

Court of Special Appeals of Maryland.

Jan. 20, 1988.

José Felipé Anderson, Asst. Public Defender (Alan H. Murrell, Public Defender, on the brief), Baltimore, for appellant.

Valerie J. Smith, Asst. Atty. Gen. (J. Joseph Curran, Jr., Atty. Gen., Baltimore, Alexander Williams, Jr., State's Atty. for Prince George's County and Robert H. Harvey, Jr., Asst. State's Atty. for Prince George's County, Upper Marlboro, on the brief), for appellee.

Submitted before MOYLAN, WEANT and POLLITT, JJ.

MOYLAN, Judge.

When an appellate court discovers an error in a criminal proceeding and remands the case for the correction of that error, what is the point in time to which the "remand" dial shall be set? As a general rule, a remand will "beam" a criminal proceeding back to the point where the error occurred. The pace will then pick up and move forward to conclusion, hopefully free from error the second time around. There is no need, as a general rule, to recapitulate earlier trial stages that were free from error.

The appellant, George William Gantt, was initially convicted in the Circuit Court for Prince George's County for both malicious wounding and for carrying a dangerous weapon. Pursuant to the mandatory sentencing provisions of Article 27, § 643B(c), a mandatory sentence of 25 years was imposed on the conviction for malicious wounding. In an unpublished opinion in *Gantt v. State*, No. 800, September Term, 1986, filed February 17, 1987, this Court affirmed the convictions but vacated the sentence and remanded for resentencing. The primary basis for the reversal was that

the sentencing judge improperly applied the preponderance of the evidence standard in finding the factual predicates for the enhanced sentence. We pointed out that those findings must be based upon the "beyond a reasonable doubt" burden of persuasion. *See Teeter v. State,* 65 Md.App. 105, 114, 499 A.2d 503 (1985), *cert. denied,* 305 Md. 245, 503 A.2d 253 (1986).

As guidance for the sentencing court at the resentencing hearing, we addressed another point raised in that appeal. We pointed out that it was improper to admit into evidence the affidavit of the appellant's former counsel for the purpose of proving the prior convictions and terms of incarceration.

At the resentencing, the sentencing judge applied the appropriate burden of persuasion of "beyond a reasonable doubt." The judge did not permit the State to introduce the affidavit of the appellant's former counsel but required the State to prove the predicate prior convictions and terms of incarceration by admittedly competent evidence. At the conclusion of that hearing, the appellant was resentenced to a mandatory term of 25 years.

He now claims that the sentencing court committed error by not requiring that the State provide, upon resentencing, a new notice of its intention to seek the mandatory sentence under § 643B(d). The appellant points out that the Enhanced Sentencing Statute requires the State to comply with the procedures set forth by the Maryland Rules and that Maryland Rule 4–245(c), in turn, requires that the State's Attorney shall serve notice of the intent to invoke the mandatory sentencing provisions at least 15 days before sentencing in the circuit court. The appellant reads into the Maryland rule a requirement that such notice, even if timely given before the original sentencing hearing, must be renewed, refreshed, or reiterated before resentencing on remand. The claim is novel. It is also utterly without merit.

We do not hesitate to hold that the notice timely given before the first sentencing hearing adequately put the

appellant on alert as to the State's intention. The first sentencing, the successful appeal therefrom, and the resentencing were all one continuing procedural phenomenon. The criminal proceeding against the appellant consisted, theoretically, of five stages. The first was the accusatory stage resulting in the filing of the indictment by the grand jury. The second stage, *in posse* if not *in esse,* was that at which any pretrial motions could be filed and resolved. The third stage was the actual trial on the merits of guilt or innocence. The fourth stage was the filing by the State's Attorney of notice of intention to proceed under the mandatory sentencing provisions of § 643B(c). The fifth and final stage was the sentencing hearing itself. It was at that fifth stage alone that error occurred. The remand appropriately required that that stage be repeated.

When a remand, however, beams us back to an earlier trial stage, all things are as they were then, including the announced intention to expose the appellant to the hazard of enhanced punishment. It is no more necessary to repeat the filing of such notice than it would be to repeat any or all of the first three stages of the criminal proceeding, all of which, like the fourth, were free from error.

There is a disingenuous quality to the appellant's claim. A remand for purposes of using the "beyond a reasonable doubt" burden of persuasion obviously contemplated a hearing on an enhanced sentence; that standard is simply not required for ordinary sentencing. Our gratuitous guidance for the sentencing court on the inadmissibility of the affidavit from the lawyer, moreover, equally obviously contemplated an enhanced sentencing hearing. Evidence of earlier predicate convictions and sentences would be meaningless for ordinary sentencing purposes.

There is almost the quality of a Newtonian law to our holding: a notice of intention to seek enhanced punishment remains in force as evidence of that intention unless acted upon by a contraindication. There was no contraindication in this case. We hold that no new notice is required for

what was nothing more than one continuing exposure to the hazard of enhanced sentencing.

JUDGMENT AFFIRMED; COSTS TO BE PAID BY APPELLANT.