*Tyrone Bryant v. State of Maryland*, No. 37, September Term 2013, Opinion by Greene, J.

## SENTENCING – ILLEGAL SENTENCE

Challenges to sentencing determinations are generally waived if not raised during the sentencing proceeding, but under Md. Rule 4-345(a), the court may correct an illegal sentence at any time. Rule 4-345(a) only applies when a sentence is inherently illegal, which has been described as a substantive error in the sentence itself, rather than as a procedural error in the sentencing proceedings.

IN THE COURT OF APPEALS
OF MARYLAND

No. 37
September Term, 2013

_____

TYRONE BRYANT

v.

STATE OF MARYLAND

_____

Barbera, C.J.
Harrell
Greene
Adkins
McDonald
Watts
Rodowsky, Lawrence F. (Retired, Specially
    Assigned),


JJ.

_____

Opinion by Greene, J.
McDonald and Watts, JJ., dissent

_____

Filed: February 3, 2014

This case involves the review of a sentencing judge's imposition of a 25 year mandatory, enhanced sentence for a series of drug convictions pursuant to Maryland's subsequent offender statute, Md. Code (2002), § 5-608(c) of the Criminal Law Article (hereinafter § 5-608(c)). Petitioner alleges that the sentence imposed is an illegal sentence under Maryland Rule 4-345(a). We shall hold that Petitioner's challenge to the enhanced sentence is not properly before this Court, and therefore, we affirm the judgment of the intermediate appellate court. Further, even if we were to determine that the issue was preserved, we would not invalidate the sentence imposed on the grounds alleged.

## FACTS AND PROCEDURAL HISTORY

After a three day jury trial, Petitioner Tyrone Bryant ("Bryant" or "Petitioner") was convicted of distribution of cocaine and conspiracy to distribute cocaine. Pursuant to § 5-608(c), the State filed a notice of intent to seek a mandatory, enhanced sentence of 25 years without the possibility of parole based on Petitioner's alleged prior drug convictions. In general, the statute requires the defendant to have served at least one term of confinement of at least 180 days and to have two separate qualifying prior convictions. At sentencing, in order to prove the qualifying prior convictions, the State submitted certified copies of docket entries involving two separate cases. The first docket entry, submitted as exhibit one, contained the information that on October 20, 1995, Tyrone L. Bryant, date of birth April 23, 1971, was sentenced in Baltimore City Case No. 295243003, to three years for possession with intent to distribute heroin with credit for time served accounting from June 29, 1995.

The State Identification number ("SID number")[1] for this defendant was 000992305. The second docket entry, submitted as exhibit two, indicated that on July 13, 2001, Tyrone Bryant, date of birth April 23, 1971, was sentenced to ten years in Baltimore City Case No. 200271002, for possession with intent to distribute heroin with credit for time served accounting from October 9, 2000. The SID number for this defendant was also 000992305. Correctional Case Management Specialist Bibika Cash from Patuxent Institution, after review of the file for an inmate with DOC ID number 301-637, testified that the file contained a photograph of a man named Tyrone Bryant with the date of birth of November 22, 1969, described as a black male with brown eyes. The file further indicated that Tyrone Bryant was incarcerated in Case No. 200271002 from October 9, 2000 to September 12, 2007.

Next, Agnes Campbell, a fingerprint technician with the Baltimore City Police Department, testified in regards to two fingerprint cards, which were also offered into

---

[1] "The SID number is a unique identifier issued by the Maryland Criminal Justice Information System (CJIS) Central Repository. A SID number is assigned to every individual who is arrested or otherwise acquires a criminal history record in Maryland, and is also used as an identifier in the Department of Public Safety and Correctional Services (DPSCS) management information systems. The SID number can be easily located on each page of the Maryland Rap Sheet above the offender's name." Md. State Comm'n on Criminal Sentencing Policy, Maryland Sentencing Guidelines Manual 10 (April 15, 2013), available at http://msccsp.org/Files/Guidelines/guidelinesmanual.pdf. This Court has previously explained that "[a] SID . . . number is a unique number directly linked to an individual's fingerprints. Because of that link, no two persons should have the same SID number; nor, if the proper procedures are followed, should a person ever have more than one SID number." *State v. Dett*, 391 Md. 81, 85, 891 A.2d 1113, 1115 (2006).

evidence. Campbell testified that the two fingerprint cards contained prints from Tyrone Bryant who was "locked up" on June 29, 1995 and again on November 30, 2000. The State then asked the witness to take Petitioner's fingerprints and compare them to the fingerprint cards connected to the two prior convictions. The sentencing judge stated that these steps were unnecessary to prove the prior offenses, and when the judge asked defense counsel if he was arguing that the convictions were not Petitioner's, counsel stated that he "can't say that [the offenses are not Mr. Bryant's] right now." The court then denied defense counsel's motion to strike Ms. Campbell's testimony on the grounds that she was not an expert. The court pointed out, however, that Ms. Campbell's testimony would not "play a role" in the sentencing determination. Following this colloquy, the sentencing judge stated: "All right[,] so having review[ed] the State's exhibits in this case I am satisfied that the qualifications under Criminal Law [§ 568(c)] have been met. That Mr. Bryant has been convicted twice previously under the requisite statute and he was incarcerated at least one term of confinement was [sic] longer than 180 days in a correctional institution." The sentencing judge then imposed a mandatory, enhanced sentence of 25 years without the possibility of parole for each offense, to be served concurrently.

Petitioner noted a timely appeal. The Court of Special Appeals, in an unreported opinion, affirmed the judgment in part, holding that the trial court erred in imposing two–albeit concurrent–subsequent offender sentences, but affirmed the imposition of one of the subsequent offender sentences. This Court granted *certiorari*, *Bryant v. State*, 431 Md.

3

444, 66 A.3d 47 (2013), to answer the following questions:

(1) Is a claim that the State failed to present sufficient evidence for the imposition of a subsequent offender sentence reviewable on appeal as a challenge to an illegal sentence, or, in the alternative, the judgment of the trial court under Rule 8-131(c)?

(2) Did the trial court err in imposing an enhanced sentence of 25 years without parole where the State failed to prove that the predicate convictions belonged to Petitioner?

## DISCUSSION

The State's principal contention is that Petitioner has waived any challenge to the imposition of his sentence because he failed to object during the sentencing proceeding. Petitioner urges this Court to review his enhanced sentence, despite no objection below, as an illegal sentence pursuant to Md. Rule 4-345(a), or, in the alternative, pursuant to the Court's scope of review under Md. Rule 8-131(c). Before turning to each of Petitioner's arguments and proffered grounds for this Court's review, we address the procedural rules regarding preservation of issues generally.

Md. Rule 8-131(a)[2] provides that appellate courts ordinarily will not decide an issue not raised in or decided by the trial court. In other words, the appellate courts will only address issues that are properly preserved for review, and issues that are not preserved are deemed to be waived. The purpose behind preservation and waiver principles is well

_____

[2] Md. Rule 8-131(a) provides in pertinent part that "[o]rdinarily, the appellate court will not decide any other issue unless it plainly appears by the record to have been raised in or decided by the trial court, but the Court may decide such an issue if necessary or desirable to guide the trial court or to avoid the expense and delay of another appeal."

4

established:

> The purpose of Md. Rule 8-131(a) is to ensure fairness for all parties in a case and to promote the orderly administration of law.  Fairness and the orderly administration of justice is advanced by requiring counsel to bring the position of their client to the attention of the lower court at the trial so that the trial court can pass upon, and possibly correct any errors in the proceedings.  For those reasons, Md. Rule 8-131(a) requires an appellant who desires to contest a court's ruling or other error on appeal to have made a timely objection at trial. The failure to do so bars the appellant from obtaining review of the claimed error, as a matter of right.

*Robinson v. State*, 410 Md. 91, 103, 976 A.2d 1072, 1079 (2009) (citations and quotations omitted).   Despite these provisions, appellate courts may in limited circumstances, "if necessary or desirable to guide the trial court or to avoid the expense and delay of another appeal[,]" decide an issue that was not preserved.  Md. Rule 8-131(a).[3]  Such circumstances, however, are not present in this case.

Additionally, Rule 4-323(c), applicable to rulings and orders other than evidentiary rulings, provides that an objection must be made "at the time the ruling or order is made or sought" in order to be preserved for appellate review.  *See* Md. Rule 4-323(c).  "If a party has no opportunity to object to a ruling or order when it is made, the absence of an objection at

---

[3] *See also Conyers v. State*, 354 Md. 132, 150-51, 729 A.2d 910, 919-20 (1999) ("While an appellate court has some discretion to address and decide unpreserved issues, ordinarily this discretion will not be exercised. The rules for preservation of issues have a salutary purpose of preventing unfairness and requiring that all issues be raised in and decided by the trial court, and these rules must be followed in all cases including capital cases. . . . We usually elect to review an unpreserved issue only after it has been thoroughly briefed and argued, and where a decision would (1) help correct a recurring error, (2) provide guidance when there is likely to be a new trial, or (3) offer assistance if there is a subsequent collateral attack on the conviction.").

5

that time does not constitute a waiver. . . . [but] if there *is* an opportunity to object to an order or ruling when made, the failure to do so (and to inform the court of the relief requested) *may* constitute a waiver." *Hill v. State*, 355 Md. 206, 219, 734 A.2d 199, 206 (1999) (emphasis in original).

Rule 4-323 applies to both trial and sentencing proceedings. *Conyers v. State*, 354 Md. 132, 149, 729 A.2d 910, 919 (1999). It is well settled that challenges to sentencing determinations are generally waived if not raised during the sentencing proceeding. *See Brecker v. State*, 304 Md. 36, 40, 497 A.2d 479, 481 (1985); *Towers v. Director, Patuxent Inst.*, 16 Md. App. 678, 682-83, 299 A.2d 461, 465 (1973). In *Brecker v. State*, for example, the defendant objected to the amount of restitution ordered by the trial court during his sentencing proceeding, but argued for the first time on appeal that the trial judge erred by not considering the defendant's ability to pay before ordering restitution. *Brecker*, 304 Md. at 39-41, 497 A.2d at 480-81. This Court held that the defendant waived his claim by failing to object at sentencing on the grounds that the trial court failed to consider defendant's ability to pay. *Brecker*, 304 Md. at 42, 497 A.2d at 481-82 ("[T]he failure to make a timely objection constitutes a waiver of that particular issue and, as a result, we may not consider it."). *See also Reiger v. State*, 170 Md. App. 693, 908 A.2d 124 (2006) (involving a challenge to a sentence based upon a claim of impermissible sentencing considerations, where no objection had been made during the sentencing proceedings). In *Reiger v. State*, the Court of Special Appeals noted that:

6

> When, as in this case, a judge's statement from the bench about the reasons for the sentence gives rise to the claim of impermissible sentencing considerations, defense counsel has good reason to speak up. A timely objection serves an important purpose in this context. Specifically, it gives the court opportunity to reconsider the sentence in light of the defendant's complaint that it is premised upon improper factors, or otherwise to clarify the reasons for the sentence in order to alleviate such concerns. . . . Simply stated, when there is time to object, there is opportunity to correct.

170 Md. App. at 701, 908 A.2d at 128 (footnote and citation omitted).

In the instant case, the parties do not dispute that defense counsel made no objection at the time of Petitioner's sentencing. Indeed, during the sentencing proceeding, when the trial judge asked the prosecutor why he was having the witness take Petitioner's fingerprints for an in-court comparison, the prosecutor commented that "[i]t is my understand [sic] that [defense counsel] is going to be challenging the authenticity[,]" to which defense counsel replied "[t]hat's not correct. I simply indicated briefly to the State that Mr. Bryant wanted every potential road blocked because he's looking at twenty-five without parole." Defense counsel also failed to object even when prompted by the trial judge. Specifically, the judge asked defense counsel "are you telling me that these two convictions are not his?" to which defense counsel responded "I can't speak, I can't say that right now." Now on appeal, the State contends that "Bryant's counsel had good reason to speak up and argue that the proffered convictions did not belong to Bryant and/or that the State's evidence did not properly prove a nexus between Bryant and those convictions." The State further points out that "had defense counsel argued that the State had not establish[ed] the nexus between Bryant and the two introduced convictions, the court would have had the opportunity to

7

reconsider the evidence . . . or an opportunity to otherwise specify the reasons why the court believed the nexus had been established."

There are limited grounds on which a sentence may be properly reviewed by this Court despite the failure to object at the time of the proceedings. One such avenue for review, relevant to this case, is Md. Rule 4-345(a),which provides that a "court may correct an illegal sentence at any time." *See Walczak v. State*, 302 Md. 422, 427, 488 A.2d 949, 951 (1985) (holding that "when the trial court has allegedly imposed a sentence not permitted by law, the issue should ordinarily be reviewed on direct appeal even if no objection was made in the trial court"). This exception is a limited one, and only applies to sentences that are "inherently" illegal. *See Chaney v. State*, 397 Md. 460, 466, 918 A.2d 506, 509-10 (2007) ("The *scope* of this privilege, allowing collateral and belated attacks on the sentence and excluding waiver as a bar to relief, is narrow, however.") (emphasis in original); *State v. Griffiths*, 338 Md. 485, 496, 659 A.2d 876, 882 (1995) ("Rule [4-345(a)] creates a limited exception to the general rule of finality[.]").[4] "We have consistently defined this category of 'illegal sentence' as limited to those situations in which the illegality inheres in the sentence itself; *i.e.,* there either has been no conviction warranting any sentence for the particular offense or the sentence is not a permitted one for the conviction upon which it was

_____

[4] Additionally, we have reiterated the narrowness of this limited exception to the rule of finality, specifically declining to extend the exception to circumstances of alleged impermissible sentencing considerations. *See Abdul-Maleek v. State*, 426 Md. 59, 69, 43 A.3d 383, 389 (2012).

8

imposed and, for either reason, is intrinsically and substantively unlawful." *Chaney*, 397 Md. at 466, 918 A.2d at 510. *See also Pollard v. State*, 394 Md. 40, 42, 904 A.2d 500, 501 (2006) (holding that "[t]he sentence imposed was neither illegal, in excess of that prescribed for the offense for which Petitioner was convicted, nor were the terms of the sentence itself statutorily or constitutionally invalid").

The distinction between those sentences that are "illegal" in the commonly understood sense, subject to ordinary review and procedural limitations, and those that are "inherently" illegal, subject to correction "at any time" under Rule 4-345(a), has been described as the difference between a substantive error in the sentence itself, and a procedural error in the sentencing proceedings. *See Tshiwala v. State,* 424 Md. 612, 619, 37 A.3d 308, 312 (2012) ("[W]here the sentence imposed is not inherently illegal, and where the matter complained of is a procedural error, the complaint does not concern an illegal sentence for purposes of Rule 4-345(a)."); *State v. Wilkins*, 393 Md. 269, 284, 900 A.2d 765, 774 (2006) ("[A]ny illegality must inhere in the sentence, not in the judge's actions. In defining an illegal sentence the focus is not on whether the judge's 'actions' are *per se* illegal but whether the sentence itself is illegal."). As aptly stated by Judge Charles E. Moylan, Jr., speaking for the Court of Special Appeals in the recent case, *Carlini v. State*, 2013 WL 6669237, at *1 (Dec. 18, 2013), "[t]here are countless illegal sentences in the simple sense . . . [and] [t]here are, by contrast, illegal sentences in the pluperfect sense . . . there is a critically dispositive difference between a procedurally illegal sentencing process and an inherently illegal

9

sentence itself," and "only the latter [ ] is grist for the mill of Maryland Rule 4-345(a)[.]" Accordingly, our inquiry in this case is whether Petitioner's sentence itself is inherently illegal.

To support his contention that his sentence is illegal, Petitioner relies on *Bowman v. State*, 314 Md. 725, 552 A.2d 1303 (1989). In that case, the defendant was sentenced to 25 years without the possibility of parole under an enhanced sentencing statute for a third conviction of a crime of violence. The trial judge sentenced the defendant pursuant to the relevant statute on the belief that defendant had been twice convicted of armed robbery, which qualifies as a "crime of violence" for the purposes of the subsequent offender sentencing statute. *Bowman*, 314 Md. at 731, 552 A.2d at 1305. Both predicate convictions occurred in the District of Columbia. In fact, although one of the two convictions was for armed robbery, the other conviction was for robbery. *Id.* On appeal, the robbery conviction was determined to be for "simple robbery,"[5] which under District of Columbia law did not necessarily meet the definition of a violent crime for the purposes of the Maryland enhanced sentencing statute. Therefore, the predicate conviction could not support an imposition of an enhanced sentence, and this Court vacated the sentence as illegal. *Bowman*, 314 Md. at 738, 552 A.2d at 1309.

---

[5] We stated that the definition of robbery under District of Columbia law "ha[d] been interpreted to include acts, such as pickpocketing for example, which involve stealth but not violence or putting in fear" and that "in Maryland, on the other hand, mere pickpocketing would be larceny[,] *not* a crime of violence[.]" *Bowman*, 314 Md. at 730-31, 552 A.2d at 1305 (citing *Temoney v. State*, 290 Md. 251, 429 A.2d 1018 (1981)) (emphasis in original).

10

The conclusion in *Bowman*, however, is distinguishable from the present case. In that case, one of the two predicate convictions did not qualify under the statute for subsequent offender status and enhanced sentencing. Where only one of the two prior convictions was proven to satisfy the requirements of the statute, the enhanced sentence was not "permitted by law." *Bowman*, 314 Md. at 738, 552 A.2d at 1309; *Walczak*, 302 Md. at 427, 488 A.2d at 951. That is, there existed an "inherent illegality" in the sentence.[6] By contrast, in the instant matter, the two underlying convictions did satisfy the requirements of the enhanced sentencing statute. At issue here is not whether there existed the necessary predicate convictions to meet the statutory requirements for an enhanced sentence. The issue is whether there was sufficient evidence of Petitioner's identity to prove beyond a reasonable doubt that the predicate convictions are connected to Petitioner, where there was some discrepancy in the record as to Petitioner's birth date and incarceration dates.

This Court's holding in *Chaney*, on the other hand, is instructive. In that case, Chaney challenged the imposition of restitution and employment conditions of his probation. Specifically, Chaney argued that his sentence was illegal "in large part because no evidentiary foundation was laid to support" those conditions of probation. 397 Md. at 467, 918 A.2d at 510. We determined that even if that were so, "that does not make the conditions

_____

[6] It is important to note that the Court in *Bowman* did not characterize the sentence as "inherently illegal," because review under Rule 4-345(a) was not directly at issue. Nevertheless, we so characterize it here to distinguish the intrinsic and substantive illegality of the sentence in *Bowman* from the sentence in the present case.

11

intrinsically illegal." *Id.* Rather, the lack of evidentiary support was a procedural flaw, which does not fall within the category of sentences reviewable under Rule 4-345(a).[7] Similarly, in the present case, Petitioner's complaint relates to the sufficiency of the evidence. Like the imposition of restitution in *Chaney*, the challenge here is to an alleged procedural flaw, subject to the normal preservation rules. Thus, we conclude that there is no "inherent illegality" within the meaning of Rule 4-345(a).

The Court of Special Appeals held that Bryant's claim with regard to his enhanced punishment was not properly preserved for review, stating that "[u]pon Bryant's conviction, he became eligible for enhanced sentencing; thus the sentence imposed was not intrinsically and substantively unlawful. What is challenged is not the sentence itself, but the sufficiency of the evidence to support the sentence, which, if not raised at the trial court, cannot be raised for the first time on direct appeal." We agree. Where the predicate convictions both qualified under the enhanced sentencing statute and the trial court was "satisfied that the

---

[7] In *Chaney*, we held that "[w]hat we have before us in this appeal, therefore, is a complaint never presented to the trial court about a sentence, or part of a sentence, that is not 'illegal' within the meaning of Maryland Rule 4-345(a)[, and that] [o]rdinarily, and routinely, we would hold the complaint waived and refuse to address it." *Chaney*, 397 Md. at 468, 918 A.2d at 511. Nevertheless, in that case, we decided to consider the restitution issue pursuant to our discretion under Rule 8-131(a), and concluded that because the procedure for seeking restitution as part of sentence was not complied with, that portion of sentence had to be vacated. *Chaney*, 397 Md. at 473, 918 A.2d at 513. As noted *supra*, circumstances warranting our review under rule 8-131(a) are not present here and therefore we will not exercise our discretion to consider the merits in this case.

12

qualifications . . . have been met," Petitioner's sentence was not "inherently illegal."[8]

Therefore, Petitioner's complaint is not properly before this Court. *See Chaney*, 397 Md. at

466-67, 918 A.2d at 510 (holding that the challenged sentence was not illegal and that "any

other deficiency in the sentence that may be grounds for an appellate court to vacate it–

impermissible considerations in imposing it, for example–must ordinarily be raised in or

decided by the trial court and presented for appellate review in a timely-filed direct appeal").

Moreover, as we stated in *State v. Wilkins*, "a motion to correct an illegal sentence is not an

alternative method of obtaining belated appellate review of the proceedings that led to the

imposition or judgment and sentence in a criminal case." 393 Md. at 273, 900 A.2d at 768.

Next, Petitioner argues that, in the alternative, this Court must review the challenge

to Petitioner's sentencing under Md. Rule 8-131(c), which provides that:

> When an action has been tried without a jury, the appellate court will review
> the case on both the law and the evidence. It will not set aside the judgment of
> the trial court on the evidence unless clearly erroneous, and will give due
> regard to the opportunity of the trial court to judge the credibility of the
> witnesses.

Rule 8-131(c) embodies the "clearly erroneous" standard to be applied by the appellate courts

in review of bench trials. *See Davis v. Davis*, 280 Md. 119, 122, 372 A.2d 231, 232 (1977)

---

[8] As this Court noted in *Evans v. State*, 396 Md. 256, 271, 914 A.2d 25, 34 (2006), "[i]f the sentence is not 'illegal,' the court's revisory power over it, with exceptions not pertinent here, is limited to a showing of fraud, mistake, or irregularity in the sentence." *See* Md. Rule 4-345(b) (providing that "[t]he court has revisory power over a sentence in case of fraud, mistake, or irregularity"). In this case, as the State notes, "Bryant does not contend his sentence was the product of fraud, mistake, or irregularity."

13

("Maryland Rule [8-131(c), previously Rules 886 and 1086,] provide[s] the standard of review of actions tried without a jury . . . . The 'clearly erroneous' concept is no newcomer to Maryland procedure[.]"). *See also Lambert v. State*, 196 Md. 57, 68, 75 A.2d 327, 332 (1950) ("That rule was adopted for the purpose of preventing a possible miscarriage of justice by permitting the determination of one judge to take away the life or liberty of an accused without a review by any other tribunal."); *Williams v. State*, 5 Md. App. 450, 456-60, 247 A.2d 731, 735-38 (1968) (providing a thorough discussion of the history of what is now Rule 8-131(c)).

In arguing that review is proper under Rule 8-131(c), Petitioner relies on *Ford v. State*, 73 Md. App. 391, 534 A.2d 992 (1988), which also involved the sentencing of a subsequent offender. On appeal in that case, the defendant argued that the State failed to prove the predicate conviction for his enhanced sentence beyond a reasonable doubt. *Ford*, 73 Md. App. at 402, 534 A.2d at 997. The State countered that the issue was not properly before the appellate court because the defendant did not object at the time the sentence was imposed. The Court of Special Appeals noted that "[i]n fact, appellant failed to object twice" but then apparently concluded that there was no reasonable opportunity for the defendant to object, stating that:

> At the time the prosecutor was making his proffer of the appellant's record, appellant was under no obligation to say anything. Until the prosecutor placed the certified copy of the conviction into evidence or produced other competent evidence, there was nothing to controvert. A proffer is not evidence unless the parties stipulate that a proffer will suffice. Appellant continued his silence; hence, there was no agreement that the facts were as proffered when the

14

sentence was imposed.

*Ford*, 73 Md. App. at 404, 534 A.2d at 998. Then, the Court of Special Appeals stated that

"[o]ur review of this silence implicates our review under Rule 1086 [now Rule 8-131(c)]"and

held that Rule 8-131(c) "applies equally to proceedings where an enhanced sentence may be

imposed. Appellant's failure to raise the issue of whether the State produced sufficient

evidence of a prior conviction does not preclude his seeking review by this tribunal." *Ford,*

73 Md. App. at 404-05, 534 A.2d at 998.

We interpret the above language in *Ford* to mean that there was no reasonable

opportunity to object to the evidence; thus preservation was not at issue on appeal. *See Hill*,

355 Md. at 219, 734 A.2d at 206 ("If a party has no opportunity to object to a ruling or order

when it is made, the absence of an objection at that time does not constitute a waiver.").

Accordingly, because the substantive issue regarding the defendant's sentence was properly

before the intermediate appellate court, the Court of Special Appeals went on to state the

applicable standard of review, which appears in Rule 8-131(c).[9] While we certainly agree

---

[9] Like *Bowman*, the intermediate appellate court in *Ford* reviewed the evidence of the underlying convictions to determine whether they met the statutory requirements for the enhanced sentencing statute. *Ford* is also factually distinguishable from the instant case, because there, the State failed to present competent evidence to prove a qualifying conviction, which led the Court of Special Appeals to hold, without stating that the sentence was illegal, that the State failed to prove the prior conviction beyond a reasonable doubt and therefore the sentence must be vacated. *Ford*, 73 Md. App. at 405, 534 A.2d at 998. As we have noted and will note *infra*, if we were to reach the merits, the State in the instant case presented competent evidence for a reasonable trier of fact to find a nexus between the qualifying convictions and Petitioner beyond a reasonable doubt.

15

that Rule 8-131(c) would "apply equally" to sentencing proceedings to provide the standard of review (clearly erroneous) where the trial judge made the findings of fact necessary to support a particular sentence, we do not agree with Petitioner that Rule 8-131(c) provides an avenue for this Court to exercise its authority to review an otherwise unpreserved or waived issue. Rule 8-131(c) neither expressly nor implicitly provides an exception to our general preservation rules or the contemporaneous objection rule. Rather, subsection (c) merely defines the standard of review to be applied by the appellate court sitting in review of non-jury trials. *See Davis*, 280 Md. at 122, 372 A.2d at 232.

Footnote 9 at the end of the *Ford* decision further clarifies this point. The footnote states that "[w]e recognize that this might seem to put a premium on a defendant's silence to the detriment of the State. This need not be so; the State need only follow the ruling of *Butler* [v. State, 46 Md. App. 317, 416 A.2d 773 (1980)], *Teeter* [v. State, 65 Md. App. 105, 499 A.2d 503 (1985),] and *Sullivan* [v. State, 29 Md. App. 622, 349 A.2d 663 (1976).]" *Ford*, 73 Md. App. at 406 n.9, 534 A.2d at 999 n.9. A review of *Butler*, *Teeter*, and *Sullivan* reveals that in each of those cases, the preservation issue was not addressed by review under Rule 8-131(c). Specifically, in *Butler*, the Court of Special Appeals reached the merits of the enhanced sentencing issue because "manifest injustice would possibly result if [the court] d[id] not review the issue." *Butler*, 46 Md. App. at 322, 416 A.2d at 776. The Court of Special Appeals in *Teeter* reviewed the merits of the defendant's challenge as an illegal sentence under this Court's holding in *Walczak*. *See Teeter*, 65 Md. App. at 115, 499 A.2d

16

at 508 ("[Defendant] concedes that he failed to preserve this issue for our review, but reminds us that an assertion of an unauthorized sentence may be considered for the first time on appeal."). Similarly, the Court of Special Appeals in *Sullivan* only addressed the legality of the sentence, without discussing preservation. *Sullivan*, 29 Md. App. at 625, 349 A.2d at 666 ("The questions [the defendant] presents go only to the legality of the sentence."). Thus, it is clear that none of these cases relied on Rule 8-131(c) to provide a pathway to reach an unpreserved issue.

No other case appears to apply Rule 8-131(c) as providing for an enhanced appellate scope of review. In *Sutton v. State*, 128 Md. App. 308, 328, 738 A.2d 286, 297 (1999), the intermediate appellate court cited *Ford,* 73 Md. App. at 405, 534 A.2d at 998, for the proposition that "[the defendant's] failure to raise the issue of whether the State produced sufficient evidence of a prior conviction does not preclude his seeking review by this tribunal." From this language in *Ford*, the *Sutton* court concluded that it would address the merits of the defendant's claim that there was insufficient evidence to prove the predicate convictions for sentencing as a subsequent offender, despite the defendant's failure to object during sentencing. 128 Md. App. at 328, 738 A.2d at 297. The *Sutton* court, however, did not rely on Rule 8-131(c) to demonstrate the scope of its review of the matter, but reviewed the issue as an illegal sentence, citing *Walczak,* 302 Md. at 427, 488 A.2d at 951. Therefore, we reject the Petitioner's argument that Rule 8-131(c) provides an alternate basis for this Court's review of Petitioner's sentencing.

In summary, the allegation that the court imposed an illegal sentence within the meaning of Rule 4-345(a) may be raised at any time. If the sentence is not illegal under Rule 4-345(a) and the allegation was not preserved, the allegation is waived and not properly before the court. The appellate court, however, in the exercise of its discretion under Rule 8-131(a) may review an unpreserved issue. We decline to do so here. Accordingly, we hold that, where there was no objection below despite the opportunity to do so, Petitioner's challenge to his enhanced sentence is not preserved for the appellate court's review.

Assuming, *arguendo*, that the matter were properly before this Court, we would nevertheless hold that the evidence presented was sufficient for the sentencing judge to conclude that Petitioner committed the qualifying predicate offenses under § 5-608(c) beyond a reasonable doubt.[10] "When the State seeks an enhanced penalty, the State must prove each

---

[10] Md. Code (2002), § 5-608(c) of the Criminal Law Article states:

(1) A person who is convicted under subsection (a) of this section or of conspiracy to commit a crime included in subsection (a) of this section shall be sentenced to imprisonment for not less than 25 years and is subject to a fine not exceeding $100,000 if the person previously:
    (i) has served at least one term of confinement of at least 180 days in a correctional institution as a result of a conviction:
        1. under subsection (a) of this section or § 5-609 or § 5-614 of this subtitle;
        2. of conspiracy to commit a crime included in subsection (a) of this section or § 5-609 of this subtitle; or
        3. of a crime under the laws of another state or the United States that would be a crime included in subsection (a) of this section or § 5-609 of this subtitle if committed in this State; and
    (ii) has been convicted twice, if the convictions arise from separate occasions:
        1. under subsection (a) of this section or § 5-609 of this subtitle;
        2. of conspiracy to commit a crime included in subsection (a) of this section or § 5-609 of this subtitle;

(continued...)

element of the enhanced penalty statute beyond a reasonable doubt, including the defendant's identity in the previous qualifying convictions." *Dove v. State*, 415 Md. 727, 746, 4 A.3d 976, 987 (2010). This is proven by competent evidence of all the statutory elements. *Jones v. State*, 324 Md. 32, 37, 595 A.2d 463, 465 (1991). It should be noted that "[t]he strict rules of evidence do not apply at a sentencing proceeding[.]" *Smith v. State*, 308 Md. 162, 166, 517 A.2d 1081, 1083 (1986). A sentencing judge's "task within fixed statutory or constitutional limits is to determine the type and extent of punishment after the issue of guilt has been determined. Highly relevant–if not essential–to his selection of an appropriate sentence is the possession of the fullest information possible concerning the defendant's life and characteristics." *Smith*, 308 Md. at 167, 517 A.2d at 1084 (quoting *Williams v. New York*, 337 U.S. 241, 247, 69 S. Ct. 1079, 1083, 93 L. Ed. 1337, 1342 (1949)).

Petitioner challenges the sufficiency of the evidence to establish his identity in the prior qualifying convictions, namely a conviction for possession of heroin with intent to distribute in 1995 and possession of heroin with intent to distribute in 2001. In order to

---

(...continued)
> 3. of a crime under the laws of another state or the United States that would be a crime included in subsection (a) of this section or § 5-609 of this subtitle if committed in this State; or
> 4. of any combination of these crimes.

(2) The court may not suspend any part of the mandatory minimum sentence of 25 years.
(3) Except as provided in § 4-305 of the Correctional Services Article, the person is not eligible for parole during the mandatory minimum sentence.
(4) A separate occasion is one in which the second or succeeding crime is committed after there has been a charging document filed for the preceding crime.

prove the existence of the predicate qualifying convictions at Petitioner's sentencing, the State first submitted certified copies of docket entries involving two separate cases. The docket entry submitted as exhibit one contained the information that on October 20, 1995, Tyrone L. Bryant, date of birth April 23, 1971, was sentenced in Baltimore City Case No. 295243003, to three years for possession with intent to distribute heroin with credit for time served accounting from June 29, 1995. The State Identification number ("SID number") for this defendant was 000992305. The second docket entry, submitted as exhibit two, indicated that on July 13, 2001, Tyrone Bryant, date of birth April 23, 1971, was sentenced to ten years in Baltimore City Case No. 200271002, for possession with intent to distribute heroin with credit for time served accounting from October 9, 2000.[11] The SID number for this defendant was also 000992305.

Correctional Case Management Specialist Bibika Cash from Patuxent Institution, after review of the case file for an inmate with DOC ID number 301-637, testified that the file contained a photograph of a man named Tyrone Bryant with a date of birth of November 22, 1969, described as a black male with brown eyes. This photograph was submitted as exhibit five. The file further indicated that Tyrone Bryant was incarcerated in Case No. 200271002 from October 9, 2000 to September 12, 2007.

_____

[11] It is confirmed by additional documents in the court file–namely the PSI report and the underlying statement of probable cause for the 2001 conviction–that Petitioner was arrested on June 20, 2000, was incarcerated on October 9, 2000, and was convicted on July 13, 2001 for the predicate offense listed as Case No. 200271002. All of this information was readily available to the sentencing judge.

20

The pre-sentence investigation report ("PSI report"), which was "prepared in conjunction with [Petitioner's] sentencing,"[12] was part of the case file before the sentencing judge. The PSI report contained extensive information about Tyrone Bryant, with a date of birth of November 22, 1969 and SID number 992305. The PSI report also contained a catalogue of Tyrone Bryant's criminal history that included the convictions for Case Nos. 295243003 and 200271002. Besides the listed birth date, all of the information in the PSI report concerning these convictions was consistent with the information contained in the docket entries introduced as exhibits one and two.

While there are a few discrepancies clearly present in the record, namely disparate birth dates and incarceration dates for Tyrone Bryant, a review of the PSI report[13] in

---

[12] Petitioner concedes that the PSI report was prepared for the purposes of the sentencing proceeding. The dissenting opinion asserts that the sentencing judge did not consider the PSI report when imposing the enhanced sentence because the PSI report was not identified as an "exhibit" that the Circuit Court reviewed. Here, the sentencing judge clearly exercised her discretion to order a PSI report under Md. Code (1999, 2008 Repl. Vol.), § 6-112 of the Correctional Services Article. The PSI report contains the record of Petitioner's prior convictions and his prior institutional history. It would seem highly unlikely that, in a case involving the imposition of a mandatory enhanced sentence, the sentencing judge would have ignored the PSI report. Moreover, we are not aware of any rule that requires a judge to announce on the record every piece of evidence or the source of evidence considered by the court in imposing a sentence.

[13] There have been several instances in which the intermediate appellate court has upheld an enhanced sentence that was based on evidence found in a defendant's PSI report. *See Sutton v. State*, 128 Md. App. 308, 738 A.2d 286 (1999) (holding that the PSI report was sufficient evidence of prior convictions so long as counsel does not object to its accuracy); *Collins v. State*, 89 Md. App. 273, 598 A.2d 8 (1991) (same); *Hall v. State*, 69 Md. App. 37, 516 A.2d 204 (1986) (holding that review and acceptance of the PSI report was "tantamount to a judicial admission" and sufficient to prove prior convictions).

conjunction with the docket entries reveals that the defendant has the same SID number in all three cases. As this Court has previously explained, "[a] SID . . . number is a unique number directly linked to an individual's fingerprints. Because of that link, no two persons should have the same SID number; nor, if the proper procedures are followed, should a person ever have more than one SID number." *See State v. Dett*, 391 Md. 81, 85, 891 A.2d 1113, 1115 (2006) (recognizing that where the arrestee's designated SID number did not match the SID number on the arrest warrant and commitment order, the arrestee was unjustifiably detained). Petitioner has made no challenge as to the accuracy of the SID number in this case. Also included in the record was a photograph of Tyrone Bryant that was part of the case file for one of his predicate convictions. The image's likeness to the Petitioner was not contested. Moreover, Petitioner never challenged the State's assertion that he was the person to commit the qualifying predicate offenses even when directly asked by the sentencing judge. Therefore, the sentencing judge properly exercised her discretion when she determined that sufficient evidence was before her to conclude that Petitioner committed the predicate offenses beyond a reasonable doubt.

**JUDGMENT OF THE COURT OF SPECIAL APPEALS AFFIRMED. PETITIONER TO PAY COSTS**.

22

Circuit Court for Baltimore City
Case No. 108296012

Argued: December 5, 2013

IN THE COURT OF APPEALS

OF MARYLAND

No. 37

September Term, 2013
_____

TYRONE BRYANT

v.

STATE OF MARYLAND
_____

Barbera, C.J.,
Harrell
Greene
Adkins
McDonald
Watts
Rodowsky, Lawrence F. (Retired,
Specially Assigned),

JJ.
_____

Dissenting Opinion by Watts, J., which
McDonald, J., joins
_____

Filed: February 3, 2014

Respectfully, I dissent.

Under the circumstances of this case, I would find that the Court should exercise its discretion, pursuant to Maryland Rule 8-131(a), to review the legality of the sentence, and I would hold that the State failed to prove the two predicate offenses beyond a reasonable doubt.

In Dove v. State, 415 Md. 727, 746, 4 A.3d 976, 987 (2010), we held: "When the State seeks an enhanced penalty, the State must prove each element of the enhanced penalty statute beyond a reasonable doubt, including the defendant's identity in the previous qualifying convictions." (Citations omitted). Dove was issued on September 21, 2010, approximately two weeks before the sentencing in the instant case occurred on October 4, 2010. Thus, at the time of Petitioner's sentencing, proof of identity–that Petitioner was the defendant in the predicate offenses–was required.

Here, the State failed to prove beyond a reasonable doubt that Petitioner was the defendant in the two predicate offenses. At sentencing, the State introduced into evidence certified copies of docket entries for two convictions: a 1995 conviction and a 2001 conviction. The certified copy of the docket entries for the 1995 conviction indicated that on October 20, 1995, a Tyrone Bryant, born April 23, 1971, was sentenced to three years' imprisonment for possession of a controlled dangerous substance with intent to distribute, with credit for time served beginning June 29, 1995. The certified copy of the docket entries for the 2001 conviction reflected that on July 13, 2001, a Tyrone Bryant, born April 23, 1971, was sentenced to ten years' imprisonment for possession of a controlled

dangerous substance with intent to distribute, with credit for time served beginning October 9, 2000.

Oddly, the State's fingerprint examinations expert admitted on cross-examination at sentencing that she had no "scientific training" in making fingerprint comparisons and agreed that she was "a layperson in that regard[.]" Defense counsel moved to strike the expert's testimony, and, although denying the motion, the circuit court stated that the expert's testimony would not "play a role" in the circuit court's sentencing decision.

The State produced a witness, Bibika Cash, who testified that she reviewed a file for inmate number 301637,[1] and according to the file, the inmate, Tyrone Bryant, was born November 22, 1969, and had been incarcerated, under case number 200271002, from October 9, 2000, to September 12, 2007. When asked how she was able to identify inmate number 301637 as Tyrone Bryant, Cash responded that the file contained a "photo ID picture" with the name Tyrone Bryant and the identification number on it.[2] Cash thus identified Petitioner as Tyrone Bryant, with a date of birth of November 22, 1969, and inmate number 301637, as the subject of the 2000 incarceration; Cash made no attempt to identify Petitioner as the subject of the 1995 conviction.

"Tyrone Bryant" is a common name. And, as evidenced, there was a discrepancy in the dates of birth of the individual listed as the subject of the 1995 and 2001 convictions and the date of birth of Petitioner as identified by Cash. Other than Cash

---

[1]The Majority refers to this number as "DOC ID number 301-637." See Majority Slip Op. at 2, 20.

[2]The inmate identification number–301637–is distinct from the state identification ("SID") number–000992305–allegedly assigned to Tyrone Bryant. Cash was not questioned about any SID number allegedly assigned to Petitioner.

identifying a photograph of Tyrone Bryant as the subject of the 2000 incarceration, there was no evidence identifying Petitioner as the subject of either the 1995 or 2001 conviction. And the dates of birth for Petitioner varied in the Department of Corrections records and the certified copies of docket entries for the 2001 conviction. Thus, in my view, the evidence was insufficient to establish beyond a reasonable doubt that Petitioner was the subject of either the 1995 or the 2001 conviction. In sum, I would hold that: (1) the State failed to prove the predicate offenses beyond a reasonable doubt, in that there was no testimony or evidence establishing beyond a reasonable doubt, or even at all, that Petitioner was the subject of the 1995 conviction; (2) the State failed to prove Petitioner was the subject of the 2001 conviction; and (3) the State failed to prove the 1995 and 2001 convictions pertained to the same person, given the common name and discrepancy in dates of birth.

Although the Majority states that the record before the circuit court included, among other things, the pre-sentence investigation report ("the Report") and docket entries with the same state identification ("SID") number, a review of the transcript of the sentencing hearing reveals that the circuit court did not rely on the Report or the SID number in finding that the predicate convictions had been established beyond a reasonable doubt, and neither the Report nor the SID number establishes beyond a reasonable doubt that Petitioner was the subject of either conviction. The circuit court simply announced, based on its review of the "State's exhibits," that the two predicate convictions were established beyond a reasonable doubt. As to the SID numbers, in State v. Dett, 391 Md. 81, 85, 891 A.2d 1113, 1115 (2006), we stated, "[a] SID . . .

number is a unique number directly linked to an individual's fingerprints. Because of that link, no two persons should have the same SID number; nor, **if the proper procedures are followed**, should a person ever have more than one SID number." (Emphasis added) (footnote omitted). The critical language is "if the proper procedures are followed." In circumstances, such as here, where there are discrepancies in the identifying information related to the prior convictions, it is critical that the matching SID numbers were the result of "proper procedures" if they are the sole or primary basis for a finding beyond a reasonable doubt. There is no information in the record regarding how the SID number–000992305–was obtained or entered for Petitioner for either the 1995 conviction or the 2001 conviction. For example, had the circuit court chosen to rely on the SID number–which the record reflects it did not–the circuit court would have had no way of knowing whether two defendants with the same name but different dates of birth were assigned the same SID number. This Court is confronted with the circumstances that the SID number 000992305 is assigned to a defendant in two court files where the defendant has a common name; a different date of birth is attached to Department of Corrections records pertaining to one of the cases (the 2001 case) and to the Report; and Petitioner has not been identified in any manner as being the subject of the conviction in the second case (the 1995 case). It is impossible to conclude beyond a reasonable doubt that "proper procedures were followed" and the instant SID number applies solely to Petitioner.

As to the Report, the State did not introduce a copy of the Report into evidence during sentencing–*i.e.*, there is no indication that the Report was one of the State's exhibits that the circuit court reviewed–and the circuit court neither mentioned the Report

in its determination nor otherwise indicated that the Report contained information concerning the predicate convictions. Thus, there is no basis to conclude that the Report is a part of the evidence available for consideration by this Court in reviewing the reasonable doubt determination. Adding to the confusion, and undermining proof of Petitioner's identity beyond a reasonable doubt, the Report identifies Petitioner's date of birth as November 22, 1969.

I am aware that the circuit court had the Report, and that the parties referred to the report after the circuit court announced its determination as to the predicate convictions. This falls far short, however, of establishing that the Report was an "exhibit," or that the circuit court reviewed or relied on the Report in making the determination. And, defense counsel did not concede the accuracy of the Report prior to the circuit court's determination.[3] If the standard for proving predicate convictions was a "more likely than not" or preponderance standard, then perhaps discussing the Report after the fact would be sufficient to permit a holding now that the Report was an exhibit, and the circuit court likely considered it prior to making its determination. The standard for proving predicate convictions, however, is proof beyond a reasonable doubt; and from the record in this case, it cannot be discerned that the Report was part of the evidence or that the circuit court relied on or even saw the Report before making its determination that the State established the predicate convictions beyond a reasonable doubt.

---

[3] Although the Majority accurately observes that when asked whether his position was that these were not Petitioner's convictions, defense counsel responded, "I can't speak, I can't say that right now[,]" the response did not alleviate the State of the burden to prove the predicate offenses beyond a reasonable doubt.

Here, we address the imposition of a mandatory minimum sentence of twenty-five years' imprisonment without the possibility of parole under the standard of proof beyond a reasonable doubt. We should not infer evidence as to Petitioner's identity for the 1995 and 2001 convictions where such evidence does not exist and was not proven beyond a reasonable doubt. I would remand for resentencing, including a determination by the circuit court as to the establishment of the two predicate offenses beyond a reasonable doubt.[4]

Judge McDonald has authorized me to state that he joins in this opinion.

---

[4] "Historically, [the Supreme Court] has found double jeopardy protections inapplicable to sentencing proceedings, because the determinations at issue do not place a defendant in jeopardy for an 'offense[.]'" Monge v. California, 524 U.S. 721, 728, 118 S. Ct. 2246, 2250 (1998) (internal citations omitted). In Monge, 524 U.S. at 724, 729, 118 S. Ct. at 2248, 2251, the Supreme Court held that the exception established in Bullington v. Missouri, 451 U.S. 430, 101 S. Ct. 1852 (1981)—that the Double Jeopardy Clause applies to sentencing proceedings in capital cases—does not extended to non-capital sentencing proceedings because:

> [s]entencing decisions favorable to the defendant[] cannot generally be analogized to an acquittal. We have held that where an appeals court overturns a conviction on the ground that the prosecution proffered insufficient evidence of guilt, that finding is comparable to an acquittal, and the Double Jeopardy Clause precludes a second trial. Where a similar failure of proof occurs in a sentencing proceeding, however, the analogy is inapt. The pronouncement of sentence simply does not "have the qualities of constitutional finality that attend an acquittal."

(Internal citations omitted).