Dissenting Opinion by
FRIEDMAN, J.
I reluctantly dissent from Judge Zarnoch’s well-written and well-researched Opinion. I harbor no illusion that Colvin is entitled to the relief that he seeks. Had this case reached this Court on direct appeal, I would join the majority Opinion without reservation. Colvin seeks review, however, pursuant to a motion to correct an illegal sentence under Maryland Rule 4-345(a), which is a privilege with a narrow scope. Chaney v. State, 397 Md. 460, 466, 918 A.2d 506 (2007) (“The scope of this privilege, allowing collateral and belated attacks on the sentence and excluding waiver as a bar to relief, is narrow ... ”). The procedural error alleged in the instant case is not of the kind or type cognizable on a motion to correct an illegal sentence. Procedural errors in finalizing verdicts do not always cause the sentences corresponding to those verdicts to be illegal. Brightwell v. State, 223 Md.App. 481, 489, 117 A.3d 69 (2015) (“Sentences corresponding to verdicts of conviction that were not properly finalized have been, under certain circumstances, held to be illegal.”). The alleged error of which Colvin complains is not “a substantive error in the sentence itself,” which is subject to correction at any time under Rule 4-345(a), but merely a “procedural error,” “subject to ordinary review and procedural limitations.” Bryant v. State, 436 Md. 653, 663, 84 A.3d 125 (2014). Accordingly, I *149 would not reach the merits of Colvin’s case and would instead, dismiss his appeal.
Of course, there is a chicken-and-the-egg quality to my analysis. If I thought for one minute that Colvin was convicted by a non-unanimous jury, that defect would, in my judgment, render his conviction illegal and, therefore, his claim would clearly be cognizable under Rule 4-345(a). It is only because of my view as to the merits that I would decline to reach the merits. Nevertheless, I think that it is important to reject Colvin’s claim on the basis of the rule, rather than conclusively reaching the merits, lest the scope of the rule be allowed inadvertently to grow larger until every manner and type of claim that can be framed as involving the possibility of illegality is entitled to yet another bite of the appellate review apple. Therefore, I dissent.